922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry ACKERMAN, et al., Plaintiffs-Appellants,
v.
Howard K. SCHWARTZ, et al., Defendants-Appellees.
 No. 90-1493.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 11, 1990.
Decided Jan. 2, 1991.
 
 Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 This securities action seeks damages from Howard K. Schwartz and his law firm on account of opinion letters he wrote concerning a tax shelter that turned out to be fraudulent. Plaintiff investors say that Schwartz, who did no investigation before putting his name to the letter, acted at least recklessly and must make good the losses they suffered.
 
 
 2
 Some plaintiffs invested in 1983 and some in 1984; some rolled investments over from one year to the next. Schwartz wrote a new letter for the new partnership formed in 1984. The district court wrote an opinion concluding that defendants are entitled to summary judgment on all claims arising out of the 1983 plan, and setting some claims concerning the 1984 plan for trial. At plaintiffs' request, the judge agreed to enter a partial final judgment under Fed.R.Civ.P. 54(b). The court entered this document:
 
 United States District Court
 Northern District of Indiana
 JERRY ACKERMAN, et al
 
 3
 v.
 
 HOWARD K. SCHWARTZ, et al
 JUDGMENT IN A CIVIL CASE
 Case Number: S85-00705
 
 4
 [ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.
 
 
 5
 [ ] Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.
 
 
 6
 IT IS ORDERED AND ADJUDGED BY JUDGE ROBERT L. MILLER, JR. that the plaintiff take nothing, the defendants' motion to strike the affidavit of Glen Scolnik is DENIED and the defendants' motion for partial summary judgment is granted as follows:
 
 
 7
 Count I: The defendants are entitled to summary judgment on Count I of the amended complaint.
 
 
 8
 Count II: The defendants are entitled to judgment as a matter of law on the plaintiffs' claims under Sec. 10(b) and Rule 10b-5.
 
 
 9
 Count III: The defendants are entitled to judgment as a matter of law with respect to the plaintiffs' claims under the Indiana Securities Act.
 
 
 10
 Count IV: The defendants are entitled to judgment as a matter of law on Count IV of the plaintiff's amended complaint.
 
 
 11
 Count V: The defendants are entitled to judgment as a matter of law on the RICO claim pleaded in Count V of the amended complaint.
 
 
 12
 This matter to be transferred to the inactive docket pending the plaintiffs' appeal.
 
 Date January 29, 1990
 RICHARD E. TIMMONS
 Clerk
 
 13
 /s/ Marilyn J. Keahey
 
 
 14
 (By) Deputy Clerk
 
 
 15
 Plaintiffs filed a notice of appeal. The caption recites that "Jerry Ackerman, et al." are the plaintiffs; the body recites that "the plaintiffs herein, and each of them", appeal from the judgment. There are many plaintiffs: the complaint names 106, the amended complaint 105. How many need to appeal is a puzzle. Not all invested in the 1983 program, so if the judgment really deals with the 1983 program alone (a subject to which we turn presently), at least five plaintiffs have filed an appeal from a judgment that does not affect them. Documents filed as part of the docketing statement and certificate of interest in this court list between 102 and 106 investors. The notice of appeal is defective under Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), as we understood that case in, e.g., Pride v. Venango River Corp., 916 F.2d 1250 (7th Cir.1990). But a defective notice of appeal is neither here nor there if the judgment was not appealable, and this is not.
 
 
 16
 The judgment appears to go in favor of all defendants against all plaintiffs on five counts of the complaint. (The mixed references to "plaintiff", "plaintiff's", and "plaintiffs' " seem to be typographical errors.) It turns out that five counts are the lot of them; each stated a legal theory of relief concerning both the 1983 and 1984 investment programs. Yet the last paragraph, moving the case to the inactive docket pending appeal, shows that the district judge did not consider this the final disposition. As the accompanying opinions reveal, the judge reserved claims concerning the 1984 program. So the plaintiffs could not take an appeal under 28 U.S.C. Sec. 1291 without the assistance of Rule 54(b).
 
 
 17
 As a Rule 54(b) judgment, however, this document is patently defective. It does not identify which claims have been resolved and which retained. It does not identify which plaintiffs are bound. We could not figure these things out without tatting a quilt out of the complaint, the motions papers, and several opinions written by the court. Which claims and parties are involved is a matter of substance, not empty form, given the dispute between the parties about which investors participated in which plans. "Who is bound?" is the first question for any judgment, and the district court has not answered it.
 
 
 18
 We must dismiss the appeal for want of jurisdiction. The district court is free to enter a proper Rule 54(b) judgment, from which the plaintiffs may file a fresh appeal--this time, we trust, complying with Fed.R.App.P. 3.
 
 
 19
 Before entering another judgment concerning the 1983 plan, the district court should consider the limitations on Rule 54(b) appeals. Only the complete disposition of "claims for relief" (or all claims concerning particular parties) may be broken off for appeal. We understand a "claim" for purposes of Rule 54(b) to mean factually or legally connected elements of a case. Horn v. Transcon Lines, Inc., 898 F.2d 589, 592 (7th Cir.1990) (collecting cases). "It has seemed to us implicit in the rule that the retained and the appealed claims must be factually distinct, for otherwise the court of appeals may be forced to analyze the same facts in successive appeals, a form of piecemeal appealing not authorized by the rule." Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1366 (7th Cir.1990). Only the other day we reiterated this position, Buckley v. Fitzsimmons, No. 89-2441 (7th Cir. Dec. 5, 1990), but added, slip op. 11:
 
 
 20
 [H]ow much factual overlap is too much is a question of degree, and Olympia properly observed that Rule 54(b) commits the decision on such matters to the informed discretion of the district judge. 908 F.2d at 1367-68. Such discretion, thoughtfully exercised, will rarely be disturbed. Unfortunately, nothing in this record suggests that the district judge has "assess[ed] the desirability of immediate judgment and unequivocally give[n] an affirmative answer." Local P-171 v. Thompson Farms Co., 642 F.2d 1065, 1073 (7th Cir.1981). ... For all we can see, the district judge gave no consideration to systemic interests in preserving the norm of one appeal per case--and of minimizing the number of appeals if there must be more than one. ... We have remarked before that district judges may not reflexively enter Rule 54(b) judgments just because the parties want to appeal. Horn, 898 F.2d at 592; see also Glidden v. Chromalloy American Corp., 808 F.2d 621, 624 (7th Cir.1986).
 
 
 21
 Much the same may be said about this case. Before entering a new judgment under Rule 54(b), the district court should consider the degree of factual and legal overlap between the 1983 and 1984 programs, and if the court still believes judgment under Fed.R.Civ.P. 54(b) prudent should explain for the benefit of the parties and this court the extent of the overlap and why the multiplication of appeals is appropriate. See also, e.g., United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1218-19 (7th Cir.1990).
 
 
 22
 If there should be a fresh judgment under Rule 54(b), any further appeal will return to this panel for decision. A party filing a notice of appeal should notify the Clerk of this reservation and notify the court whether he desires to submit the case on the existing briefs and, if not, the extent of additional briefing thought appropriate. We anticipate that it will be unnecessary to supplement the discussion of the merits in the briefs on file.
 
 
 23
 DISMISSED.