Mary BROWN, Plaintiff,

v.

LaSALLE NORTHWEST NATIONAL BANK, Defendant.

No. 92 C 8392.

United States District Court, N.D. Illinois, E.D.

March 25, 1993.

See also 820 F.Supp. 1078.

Daniel A. Edelman, Cathleen M. Combs, Francine Schwartz, Tara Goodwin Redmond, Law Offices of Daniel A. Edelman, Chicago, IL, for plaintiff.

James E. Spiotto, Michael T. Benz, Chapman & Cutler, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

▆▆▆ Named plaintiff Mary Brown brings this putative class action [1] against de-

---

**1.** Plaintiff has not moved for certification of the class and defendant has not made any motion directed to the class allegations. This court, however, is still obliged to rule on class certification. *See Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir.1988). On the present record, there is no support for the allegations of numerosity and no showing has been made that Brown is an adequate class representative. On this record, class certification must be denied. To the

fendant LaSalle Northwest National Bank, which allegedly financed her purchase of an automobile. According to the allegations of the complaint, plaintiff purchased a used automobile from Lake Automotive ("Lake"), but was unable to register it because Lake did not have good title to the automobile. Lake arranged financing through defendant. Plaintiff contends that regulations of the Federal Trade Commission ("FTC") required that certain provisions be in the loan documents. In particular, there should have been a provision that would allow plaintiff to raise a defense of bad title to any attempt to collect on the loan. No such provision is in the loan documents. Plaintiff's complaint contains two counts. Count I is a federal claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Count II is a state law claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), Ill.Rev.Stat. ch. 121½, ¶ 261 *et seq.* (1991) (recodified as 815 ILCS 505 (1993)). Presently pending is defendant's motion to dismiss.[2]

The FTC regulation that plaintiff relies upon provides:

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of that Act for a seller, directly or indirectly, to: ...

(b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consum-

er credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. § 433.2(b).

Plaintiff's claim is not one directly under this regulation; it is a RICO claim. However, as plaintiff recognizes, if the FTC regulation does not apply to Brown's transaction, plaintiff has no RICO claim.

The regulations define a purchase money loan as a "cash advance which is received by a consumer in return for a 'Finance Charge' ..., which is applied, in whole or substantial part, to a purchase of goods or services from a seller who (1) refers consumers to the creditor or (2) is affiliated with the creditor by common control, contract, or business arrangement." 16 C.F.R. § 433.1(d). A business arrangement is defined as "[a]ny understanding, procedure, course of dealing, or arrangement, formal or informal, between a creditor and a seller, in connection with the sale of goods or services to consumers or the financing thereof." *Id.* § 433.1(g).

---

extent either party desires a ruling on class certification on a more complete record, she or it must move for reconsideration within 10 days under Fed.R.Civ.P. 59(e). *Cf. Koch v. Standard,* 962 F.2d 605, 607 (7th Cir.1992).

2. After briefing was completed, defendant sent a letter to the court pointing out a recent Supreme Court case and arguing its relevance to the motion to dismiss. A few days later plaintiff sent a letter arguing that the case supported her position. Unlike in the courts of appeal, *see* Fed. R.App.P. 28(j), in the district courts there is no express rule concerning the citation of additional authority. While the appellate rule refers to the

citation being presented in letter form, even that rule requires that the additional submission be filed with the clerk of the appellate court. (It also provides that the letter is not to contain any argument.) It is inappropriate to brief issues through letters sent to a judge's chambers, and not filed with the Clerk of the Court. The appropriate procedure is to move the court to file a citation of additional authority or a supplemental brief and to file it with the Clerk of the Court. The attorneys in this case are admonished not to send letters to chambers, to present any further documents in the proper form, and to file them with the Clerk of the Court.

On a motion to dismiss, all the well-pleaded factual allegations of the complaint are assumed to be true with all reasonable inferences drawn in the light most favorable to plaintiff. *National Organization for Women, Inc. v. Scheidler,* 968 F.2d 612, 616 (7th Cir.1992). "An action may only be dismissed if the complaining party 'can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

Plaintiff alleges that defendant had an arrangement with State Farm insurance agents to refer automobile customers to defendant for financing. Automobile dealers, including Lake, would refer customers to particular State Farm agents for obtaining insurance and financing information. The State Farm agents would then refer the customers to defendant for financing. Defendant supplied form loan documents to the State Farm agents and automobile dealers.[3] Defendant would not accept any note that contained the provision required by the FTC regulation. It is further alleged that defendant intentionally made this arrangement to avoid informing customers of their rights under the FTC regulation and to attempt to cover up the fact that there was an arrangement to which the regulation applied. Defendant also hid from customers its relationship with the State Farm agents and automobile dealers.

■ For purposes of deciding the motion to dismiss, it can be assumed that a business arrangement or referral relationship existed so that the notice should have been included in the loan documents. It can also be assumed that mail or wire fraud by failure to disclose could be supported by these facts and that sufficient allegations of a RICO enterprise have been made. Even making these assumptions, plaintiff's RICO claim fails because a pattern of racketeering activity is not adequately alleged.

A pattern of racketeering activity is a necessary element of a civil RICO claim. *See Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1022–25 (7th Cir.1992). Plaintiff alleges that defendant used numerous insurance agents at numerous automobile dealers to defraud numerous customers of their right to have defenses against defendant's collection of loans on automobile transactions that went bad. While it is alleged that Lake is no longer in business, it is also alleged that the scheme continues to be perpetrated with other automobile dealers. A pattern of racketeering activity has been alleged. The only question is whether it has been alleged with sufficient specificity to satisfy Fed.R.Civ.P. 9(b). Since the predicate acts are acts of mail and wire fraud, they must be alleged with specificity. *Id.* at 1020.

As to Brown, the allegations sufficiently identify the transaction involved and the loan document that contains the allegedly fraudulent omission. *See Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677, 683 (7th Cir.1992). Plaintiff, however, has failed to provide any specific allegations as to the transactions with other customers, other automobile dealers, and other insurance agents. Plaintiff does not specifically name a single other customer, automobile dealer, or insurance agent. The allegations as to the other predicate acts do not satisfy Rule 9(b). Therefore, the allegations of scheming to defraud other customers cannot be considered in determining if a pattern exists. *See Midwest Grinding,* 976 F.2d at 1020; *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 922–

---

3. Defendant contends that there is no such allegation in the complaint, only in plaintiff's answer brief. Defendant particularly objects to any contention that its forms were at the automobile dealers. However, that the forms were kept at automobile dealers is a reasonable inference to be drawn from the allegations of paragraphs 18 and 24 of the complaint. Also, some Seventh Circuit cases indicate that allegations contained in a plaintiff's answer brief can be considered on a motion to dismiss as long as not contradicted by any allegation in the complaint itself. *See Hrubec v. National Railroad Passenger Corp.,* 981

F.2d 962, 963–64 (7th Cir.1992) (collecting cases); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992). Other Seventh Circuit cases are to the contrary, limiting the facts on a motion to dismiss to those alleged in the complaint itself. *See, e.g., Thomas v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir.1989); *Runnemede Owners, Inc. v. Crest Mortgage Corp.,* 861 F.2d 1053, 1057 (7th Cir.1988). The possible inconsistency in the Seventh Circuit cases need not be resolved. The complaint itself is construed as alleging that preprinted forms were at the automobile dealers.

23 (7th Cir.1992); *Schiffels v. Kemper Financial Services, Inc.,* 978 F.2d 344, 352–53 (7th Cir.1992). Without consideration of those other transactions, plaintiff is left with only a single victim and a single transaction. Plaintiff, therefore, fails to satisfy the pattern requirement and the RICO claim must be dismissed.

The Consumer Fraud Act claim is only before the court on supplemental jurisdiction; there is no diversity of citizenship between the parties. Since the federal claim is being dismissed, Count II will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that:

(1) The class allegations are stricken from the complaint.

(2) Defendant's motion to dismiss [3] is granted.

(3) The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant dismissing plaintiff's cause of action with prejudice except that the class allegations and Count II are dismissed without prejudice.