Robert L. GLIDDEN,
Plaintiff-Appellant,

v.

CHROMALLOY AMERICAN CORPO-
RATION and Allied Products
Corporation, Defendants-Appellees.

No. 86–1867.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 5, 1986.
Decided Dec. 23, 1986.

Richard N. Molchan, Heyl, Royster, Voelker & Allen, Peoria, Ill., for plaintiff-appellant.

Raymond J. Kelly, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Chromalloy American Corporation provided medical benefits to the employees of its Kewanee Machinery Division. The benefits were funded by a trust and awarded under the terms of a detailed plan, an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act, 29 U.S.C. § 1002(1)(A). Retired employees of the Division were entitled to benefits under the plan. In 1983 Chromalloy sold the assets of the Division to Allied Products Corporation. Allied decided not to make new contributions to the trust and terminated the plan. It used the funds in the trust at the time of the acquisition to continue benefits for another few months. Robert L. Glidden, who had retired from Chromalloy as the chief executive officer of the Division, brought this suit as a class action on behalf of "more than 120" retired employees of the Division, contending that employees who retire while a welfare benefit plan is in effect acquire vested benefits that may not later be terminated.

Glidden asked the district court to certify a class of "All retired salaried employees receiving pension benefits with Chromalloy American Corporation and Allied Products Corporation at the business located in Kewanee, Illinois." Glidden's counsel treated the action as one under Fed.R.Civ.P. 23(b)(3), because he attached a notice that would have allowed members to opt out. The defendants did not oppose the motion to certify the class, but neither did they endorse it. Both sides filed motions for summary judgment. While the motion to certify the class was pending, the district court granted the defendants' motion for summary judgment. The court stated:

Robert Glidden has sought to represent a class of corporate retirees and Defendants have raised no objection to his attempt to mount a class action. The Court, however, inadvertently neglected to enter the order certifying the class. The parties have agreed that there is no need to enter the order now, preferring to await the outcome of the appeal of the ruling on summary judgment. Accordingly, the Court will withhold entry of the certification order pending such appeal.

In other words, the failure to act on the motion to certify a class, "inadvertent" for a time, became advertent when the district court deliberately withheld decision and entered summary judgment. Recognizing that he had not acted on the motion, the judge—at the parties' request—tried to carve the case into pieces: the merits, to be decided (and appealed) first, followed by a decision on the certification of a class. This is inconsistent with Fed.R.Civ.P. 23(c)(1), which requires the decision on certification to be made "[a]s soon as practicable after the commencement of an action brought as a class action". See *Watkins v. Blinzinger*, 789 F.2d 474, 475 n. 3 (7th Cir.1986). The court's deferral also means that the "final decision" for purposes of 28 U.S.C. § 1291 lies in the future. We must dismiss the appeal for want of jurisdiction.

The case is not over in the district court. The court has not identified the parties to be bound by the judgment, one of the elementary requirements of finality. The opinion granting summary judgment explicitly contemplates further proceedings to ascertain who shall be bound. The "judgment" entered after the issuance of the opinion states only: "Defendants' motion for summary judgment is GRANTED and Plaintiff's cross-motion for summary judgment is DENIED." A document of this sort is not a final judgment. See *United States v. F.M. Schaefer Brewing Co.*, 356 U.S. 227, 232–35, 78 S.Ct. 674, 677–79, 2 L.Ed.2d 721 (1958). We are confronted with the possibility of two appeals: one on the merits, followed by a second appeal if either party should be dissatisfied with any

aspect of the certification of the class (or the refusal to certify a class). A final decision is one wrapping up the case and leaving nothing but execution, see *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985); this "judgment" does not meet that test.

■ The grant of summary judgment cannot be appealed immediately as a "collateral order"; it is the merits, and the disposition of the merits cannot be "collateral" to itself. Cf. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), holding that a decision on class certification is not collateral to a decision on the merits, and that both certification and merits should be resolved in a single appeal at the end of the case. The district court did not authorize an interlocutory appeal under 28 U.S.C. § 1292(b), and given Rule 23(c)(1) we would not have accepted such an appeal. The disposition of Glidden's claim ahead of the class certification is more like a partial final judgment under Fed.R.Civ.P. 54(b). That Rule authorizes entry of final judgment on one party's claim in a multi-party action. Glidden's case is done with, even if the status of the other retirees is uncertain, so perhaps on analogy to Rule 54(b) we have jurisdiction of Glidden's appeal.

■ The difficulty is that a partial final judgment under Rule 54(b) must contain "an express determination that there is no just reason for delay.... In the absence of such determination ..., any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties". The judgment filed in the district court does not contain the necessary determination and therefore is not final with respect to Glidden. The operation of the Rule is mechanical. If the judgment contains the finding, then the party must appeal at once or not at all. *Exchange National Bank v. Daniels*, 763 F.2d 286, 290–92 (7th Cir.

1985). If the judgment does not contain the declaration, the party must wait. *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545–50 (5th Cir.1977); *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981). The clarity of the rule would be destroyed by a principle that the judgment is appealable when the district court's opinion, as opposed to the judgment, shows that the court contemplated the prospect of an immediate appeal. The parties and the courts need objective and easily available criteria to guide their decisions. The "intent" of the district judge is accordingly irrelevant. *Diamond v. McKenzie*, 770 F.2d 225, 229–30 (D.C.Cir.1985). To the extent *Ellender v. Schweiker*, 781 F.2d 314 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 315, 93 L.Ed.2d 289 (1986), makes appellate jurisdiction turn on the district judge's purpose rather than on the formal contents of the judgment, it is inconsistent with *Diamond, Exchange National Bank*, and *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), and we do not follow it.

Moreover, the district judge must have a good reason to make the finding that allows an immediate appeal. *United States General, Inc. v. Albert*, 792 F.2d 678 (7th Cir.1986); *Compact v. Metropolitan Government of Nashville*, 786 F.2d 227, 230–31 (6th Cir.1986). A Rule 54(b) judgment multiplies the number of appeals in a single case, and it therefore should be used only in an exceptional situation. *Exchange National Bank*, 763 F.2d at 291. There was no good reason to authorize an appeal of the merits in advance of a resolution of the motion for class certification. Rule 23(c)(1) directs district judges to decide the question of certification first.

■ Perhaps we should treat the case as if the district judge had certified the class, so that nothing remains on remand and the judgment is final. The judge's opinion does not suggest that he viewed the motion for certification as a difficult one. Still, jurisdictional issues do not turn on what could or should have been done; they turn on what was done. What was done is that the judge, having noticed that the class was uncertified, deliberately withheld a decision on the pending motion. The disposition of the motion is not a foregone conclusion, either. A class of 120 retirees of the same employer is not necessarily "so numerous that joinder of all members is impracticable". Rule 23(a)(1); see also *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130–31 (1st Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986) (49 is not so numerous that class must be certified). And Glidden may not be the best representative of the class. One of the claims in the case is that retirees cannot protect their own interests, so that it is unjust to allow the employer to discontinue the plan after any person has retired. Glidden was the CEO of the Division and personally signed the benefit plan's documents on behalf of the firm. Glidden was in a wonderful position to learn whether the plan covered retirees and negotiate for additional contractual provisions that would protect retirees. He therefore has the weakest claim of any member of the class. Questions about the propriety of certifying a class may have led the district judge to reserve decision, which precludes the treatment of the case as if the class had been certified.

The last way to salvage jurisdiction in this case is the one the parties urged in response to our request for supplemental briefs on the jurisdictional problem. They suggest that Glidden's notice of appeal be treated as an abandonment of the request for class certification. This would deprive the defendants of the benefit of their judgment with respect to the 119 or so putative members of the class, but the defendants explicitly waived the protection of principles of preclusion.

Several times this court has decided appeals in cases in which district judges had neglected to act on pending motions for class certification. Each time we discussed briefly the effect of the district court's failure to comply with Rule 23(c)(1). Each time we concluded that the action should proceed as if filed on behalf of the named

parties alone. Some of these cases say that by filing an appeal in advance of the district court's decision on the pending motion, the plaintiff abandoned the request to have the case treated as a class action. E.g., *Case & Co. v. Chicago Board of Trade,* 523 F.2d 355, 360 (7th Cir.1975); *Roberts v. American Airlines, Inc.,* 526 F.2d 757, 762 (7th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *LaGorio v. Chicago Board of Trade,* 529 F.2d 1290, 1291 (7th Cir.), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3171, 49 L.Ed.2d 1187 (1976). *Roberts* and several other cases express the additional view that when it moves for summary judgment in advance of the district court's disposition of the motion for class certification, the defendant abandons reliance on the preclusive effect of the judgment with respect to absent members of the class, and cannot complain about either the treatment of the case as an individual action or the "one-way intervention" that will result if the class should be certified at a later time. See also *Peritz v. Liberty Loan Corp.,* 523 F.2d 349, 354 n. 4 (7th Cir.1975). Cf. *Simmons v. Drew,* 716 F.2d 1160, 1161 (7th Cir.1983) (similar disposition, but without an explicit statement of the rationale). See also *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980) (collecting cases similar to *Roberts* in other circuits). Only one of these cases discusses appellate jurisdiction, however—*Peritz,* which found jurisdiction on a ground that is not applicable to our case. See *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170–72, 94 S.Ct. 2140, 2149–50, 40 L.Ed.2d 732 (1974). The remaining cases in this circuit and every other are silent not only about appellate jurisdiction but also about Fed.R.Civ.P. 23(e), which provides that a class action "shall not be dismissed or compromised without the approval of the court". This rule appears to forbid giving a plaintiff an unfettered option to drop the class aspects of the claim—by filing a notice of appeal or in any other way.

■ When a court resolves a case on the merits without discussing its jurisdiction to act, it does not establish a precedent requiring similar treatment of other cases once the jurisdictional problem has come to light. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 119 & n. 29, 104 S.Ct. 900, 918 & n. 29, 79 L.Ed.2d 67 (1984); *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37–38, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952). Similarly, a discussion of the effect of an appeal on converting a class action to an individual one is of slight authority if it does not discuss a substantial obstacle to that disposition. Often issues lurk in the record of a case but are not brought to the court's attention or discussed by the court. When their significance is recognized, they may be treated as open. *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925). This court has never discussed either the effect of Rule 23(e) on a plaintiff's effort to convert a class action to an individual action or the effect of an undecided motion for class certification on appellate jurisdiction. The issues are open for resolution as matters of first impression in this circuit.

We have already established that if the motion for certification of a class is pending in the district court, the appeal must be dismissed. *Case, Roberts,* and our other opinions recognize this implicitly by seeking ways to convert the class action into an individual action. The obstacle is Rule 23(e), which requires the district court's permission and provides that "notice of the proposed dismissal … shall be given to all members of the class in such manner as the court directs." Glidden filed this as a class action. Glidden has not obtained the district court's permission to drop the class component; quite the contrary, the district court viewed the class component as one for future decision.

One could reply that Rule 23(e) applies only to "class actions", and that a suit is not a "class action" just because the complaint includes an allegation. It gets to be a class action by virtue of the district court's certification, not by virtue of the complaint. On this reading, Rule 23(e) does not come into play until after a certifi-

cation, and it does not prevent Glidden from dropping the request for certification in order to appeal.

■ There is certainly an important sense in which a case is not a "class action" until after certification. The district court may not award relief to the class without certifying the class, see *Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1, 96 S.Ct. 1551, 1554 n. 1, 47 L.Ed.2d 810 (1976), and if the claim of the class representative becomes moot in advance of a certification, the case may come to a halt even if a properly certified class action would survive the mootness of the representative's claims. Compare *Indianapolis School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), with *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). But our question is whether the case is a "class action" for purposes of Rule 23(e), not whether it is a class action for every purpose. On this subject appellate courts are in disagreement. Compare *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1302–05 (4th Cir.1978) (Rule 23(e) does not apply before certification, but nonetheless the representative parties may not settle their claims without the court's approval), with *McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 302 (5th Cir.1977) (a class allegation in a complaint is presumed to be proper, and Rule 23(e) therefore applies unless the district court has declined to certify the class), withdrawn, 569 F.2d 276 (1978). Some courts have ducked the issue, e.g., *In re Fine Paper Antitrust Litigation*, 632 F.2d 1081, 1087 (3d Cir.1980), and our court has so far discussed only the notice requirement in Rule 23(e), as opposed to the coverage of the Rule itself, see *Simer v. Rios*, 661 F.2d 655, 664–66 (7th Cir.1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982). Wright and Miller believe that Rule 23(e) presumptively applies to all complaints containing class allegations, unless the district court declines to certify the class. C. Wright, A. Miller & M. Kane, 7B *Federal Practice and Procedure* § 1797 at 346–50

(2d ed. 1986). We think this is the preferable construction.

As a linguistic matter, Rule 23(e) could be read either way. Some parts of Rule 23 use "class action" to refer to the proceeding after it has been certified. Others use "class action" to refer to the allegations in the complaint, so that the term may be applied to the action on the day the complaint is filed. E.g., Rule 23(c)(1): "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Rule 23(e) does not distinguish between cases "filed" as class actions and cases "certified" or "maintained" as class actions. The notes of the advisory committee do not support one reading or the other.

The Supreme Court has treated actions filed as class suits as having class properties in advance of certification. In *Geraghty*, for example, the claim of the only named plaintiff became moot before the district court could act on the motion to certify a class; the Supreme Court nonetheless held that the class allegation in the complaint kept the case sufficiently alive to allow another person to intervene in order to carry on the case and to seek certification as the representative of the class identified in the complaint. The Court has also managed to pack both possible readings of Rule 23(e) into the same sentence: "We note that Rule 23(e) prescribes certain responsibilities of a district court in a case *brought as* a class action: once a class is *certified*, a class action may not be [dismissed or compromised without approval, (quoting the rule)]." *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332 n. 5, 100 S.Ct. 1166, 1171 n. 5, 63 L.Ed.2d 427 (1980) (emphasis added). (Given the structure of the sentence and the fact that Rule 23(e) was not an issue in *Roper*, the language "once a class is certified" cannot be taken as holding that *only* certification creates a "class action" for purposes of Rule 23(e).)

■ Rule 23(e) was designed to prevent representative plaintiffs from settling or

dismissing cases to the detriment of the absent members of the class. Settlement or dismissal of a case that has been certified as a class creates obvious dangers; the representative may have been a poor negotiator or may even be in cahoots with the defendant. These risks are present in the period before certification as well. Many class actions are settled in advance of formal certification, and in these some review is necessary. E.g., *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir.1971). Our opinion in *Simer* concludes that notice may be required by the due process clause of the fifth amendment even if not by Rule 23(e). 661 F.2d at 666–67. The class allegation in the complaint gives the plaintiff some leverage in negotiations. It might be possible for a putative class representative to negotiate a handsome settlement for himself on condition that he dismiss the class portion of the complaint, leaving absent class members to fend for themselves. Wright and Miller believe that these risks justify reading "class action" in Rule 23(e) as applicable to all cases filed as class actions, unless the district court declines to certify the class.

■ Nothing in the record of this case suggests that Glidden sold out the class he purported to represent. The case was not settled, and Glidden litigated vigorously in the district court. But the dismissal of the class portion of the claim, which Glidden proposes, may injure the class. Glidden is walking away from his fellow retirees. If he should lose his own case on the merits, this would not injure the absent members, for they would lose nothing to which they are entitled; but if he should prevail in his case the abandonment would require the other retirees to file separate suits. They would have the benefit of the *stare decisis* effect of our decision, but they would incur additional litigation costs. Even worse, they might lose outright because of the statute of limitations. The filing of a suit with a class allegation tolls the running of the statute of limitations with respect to the absent class members. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974);

*Susman v. Lincoln American Corp.*, 587 F.2d 866 (7th Cir.1978), *cert. denied*, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980). The Supreme Court reasoned that absent members may learn of and rely on a suit even though the class has not been certified. But the time begins to run again if the district court refuses to certify the case as a class action. *American Pipe*, 414 U.S. at 561, 94 S.Ct. at 770; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Cf. *Chardon v. Fumero Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). The voluntary dismissal of the class component of a suit also must restart the time. Yet if the absent class members do not receive notice under Rule 23(e) that their champion has abdicated, they will not learn that it is necessary to file suit to protect their own interests. By the time they learn that the representative has given up on the class action, it may be too late; so even if the representative should win his own case, the other members of the class may be left out in the cold. This is a risk whenever and however the plaintiff deletes a class allegation. We therefore conclude that Rule 23(e) applies to this case and that Glidden's election to appeal without waiting for the decision on the motion to certify a class did not convert this case into an individual action. He needed the court's approval.

To say that Glidden needed the court's approval is not necessarily to say that no putative class action may be dismissed without notice to every potential member of the class. We stressed in *Simer* that this could be an exceedingly costly burden, and many times it is not necessary to protect the class. 661 F.2d at 665. *Simer* says that Rule 23(e) does not invariably require notice when a case is settled prior to certification, *id.* at 666, a conclusion from which we do not retreat. Rule 23(e) calls for notice "in such manner as the court directs". When notice would be a fruitless yet costly gesture, Rule 23(e)—read in light of Rule 1—does not compel the parties to incur pointless expense. Excusing notice in a settled case should be

rare, because as *Simer* observes the due process clause also is in play. Notice may be dispensed with more freely when the class claims are being dismissed. But *Simer* does not discuss the application of Rule 23(e) to dismissals or the extent to which the district court's approval is required. We conclude that what may not be dispensed with is the district court's approval of the elimination of an uncertified class claim.

Because the class allegations remain for adjudication by the district court, or for disposition under Rule 23(e) should Glidden formally move to withdraw the class aspect of the suit, the district court's decision is not "final" for purposes of § 1291. The appeal is dismissed for want of jurisdiction.