Lawrence C. BIENEMAN, on his own behalf and on behalf of all persons similarly situated, Plaintiff–Appellant,

v.

CITY OF CHICAGO, et al., Defendants–Appellees.

No. 87–2077.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1988.

Decided Feb. 3, 1988.

Joseph V. Karaganis, Karaganis & White, Ltd., Chicago, Ill., for plaintiff-appellant.

Jeremiah Marsh, Hopkins & Sutter, Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Lawrence Bieneman filed this case on behalf of a class of other people similarly affected by noise from O'Hare Airport. Fed.R.Civ.P. 23(c)(1) requires a district court to decide "[a]s soon as practicable after the commencement of [the] action" whether it may be maintained on behalf of

a class. Some three years went by, and the district judge was ready to rule on the merits. He dealt with the class aspect of the complaint this way, 662 F.Supp. 1297, 1298 n. 1 (N.D.Ill.1987):

> [N]o party [to this case or a companion suit] has sought a determination of whether it is appropriate to maintain these cases as class actions. It appears likely from the face of the complaints that class action status is appropriate, but the court declines to make such a determination without the participation of counsel. Presumably some party will raise the issue in the near future. Since the status of these cases as class actions is irrelevant to the motions before the court today, the court proceeds to address the merits of those motions.

The motions at hand were filed under Rule 12(b)(6), seeking dismissal for failure to state a claim on which relief may be granted. The court granted the motions, and the clerk inserted this language in the printed form used for final judgments:

> IT IS ORDERED AND ADJUDGED that Counts I, II, IV, V, VI, VII, and VIII are dismissed Count III is also dismissed.

Bieneman immediately filed a notice of appeal, which we must dismiss for want of jurisdiction.

█ An order dismissing a "complaint" as opposed to a "case" ordinarily is not a final judgment, *Benjamin v. United States*, 833 F.2d 669 (7th Cir.1987), because the plaintiff may file an amended complaint. The theories on which the district court dismissed Bieneman's complaint preclude amendment, but the court's remarks show that it nonetheless believes there is more to do. It must decide whether to certify the case as a class action—no small matter, because this determines whether the judgment governs everyone who lives near O'Hare Airport or only Mr. Bieneman. A document identifying a defect in the complaint, without stating who is bound by the decision, is not a final judgment. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621 (7th Cir.1986).

█ *Glidden* is strikingly similar to our case. The district court in *Glidden* grant-ed judgment for defendants while reserving decision on the request to certify a class. The judge indicated that he would turn to this subject after the completion of the appeal on the merits. This reservation, we concluded, meant that the case was not over in the district court, making appeal impossible. The district court must complete its handling of the case before the judgment is "final" under 28 U.S.C. § 1291. Here, as in *Glidden*, the district judge has flagged the class aspect of the case for future decision.

In a series of cases since *Glidden*, we have held that when the court overlooks the class allegation, a judgment dealing with the representative's claim alone is final because the district court has done everything it plans to do. *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1034 n. 1 (7th Cir.1987); *Clift v. United Auto Workers*, 818 F.2d 623, 626 (7th Cir.1987); *Bennett v. Tucker*, 827 F.2d 63, 67 (7th Cir.1987); *Lorance v. AT & T Technologies, Inc.*, 827 F.2d 163, 165 n. 1 (7th Cir.1987); *Hickey v. Duffy*, 827 F.2d 234, 238 (7th Cir.1987). Bieneman's case has not ended, however, given the district judge's express identification of this issue as one needing resolution. Why none of the parties responded to the district court's invitation with a motion is beyond us—the district court even cited *Glidden* for the parties' edification—but none did, so the case is alive in the district court.

█ The district court's discussion might be read as saying that until some party makes a motion for class certification the court need not rule. On this view, failure to request certification amends the complaint to delete the claim on the class's behalf. We rejected a similar position in *Glidden*, however. 808 F.2d at 623–24. If a complaint includes a class allegation, the district court *must* address it, no matter what the parties later do. Otherwise the plaintiff could withdraw as representative unilaterally, or the parties could settle the case without the court's permission. Rule 23(e) forbids either course. If the complaint depicts the plaintiff as representative

of a class, the district court must deal with the subject even if no one asks.

 Rule 23(c)(1) says that that decision must come "as soon as practicable". Sometimes the class issues may be so intertwined with the merits (or the wisdom of a settlement) that they should be handled together. Cf. *Mars Steel Corp. v. Continental Illinois National Bank*, 834 F.2d 677, 680–82 (7th Cir.1987). But the propriety of class certification does not depend on the outcome of the suit, see *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176–78, 94 S.Ct. 2140, 2151–53, 40 L.Ed.2d 732 (1974), and one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly. After even a tentative decision on the merits, incentives are different. Indeed, a class representative who has lost on the merits may have a duty to the class to oppose certification, to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset. It is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits. See *Premier Electrical Construction Corp. v. National Electrical Contractors Ass'n, Inc.*, 814 F.2d 358, 363 (7th Cir.1987); *Finberg v. Sullivan*, 634 F.2d 50, 64 (3d Cir.1980) (en banc). Cf. *Watkins v. Blinzinger*, 789 F.2d 474, 475 n. 3 (7th Cir.1986). But cf. *Floyd v. Bowen*, 833 F.2d 529, 534–35 (5th Cir.1987). Certainly this is not one. When the district judge (to whom this case was transferred some two years after its filing) recognized that there was an unresolved class allegation, he should have requested the views of the parties and postponed decision of the merits. Omission to do this does not dispose of the class allegation by default.

 *Glidden* governs this case, and the appeal is dismissed for want of jurisdiction. After the district judge has dealt one way or the other with the class aspect of the complaint, any fresh appeal will be resubmitted to this panel. Counsel should advise the court promptly, after filing a new notice of appeal, whether they wish to use the original briefs or believe that supplemental submissions are necessary. If any party objects to the decision concerning the class, the court will set a schedule for briefs addressing that issue. No costs.