Arthur Ray BOWLING, et al., Plaintiffs,

v.

PFIZER, INC., et al., Defendants.

No. C–1–91–256.

United States District Court, S.D. Ohio, W.D.

Nov. 13, 1991.

Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley, Harry Bernard Plotnick, Cincinnati, Ohio, Bruce A. Finzen, Minneapolis, Minn., Janet Gilligan Abaray, Fay Elizabeth Stilz, Sherrill Patricia Hondorf, Terrence Lee Goodman, Waite, Schneider, Bayless & Chesley Co., Marc David Mezibov, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, Ohio, for plaintiffs.

James Ralph Adams, Frost & Jacobs, Cincinnati, Ohio, for defendants.

Timothy Lincoln Bouscaren, Walker, Chatfield & Doan, Cincinnati, Ohio, for objector.

Robert L. Black, Jr., Bowling Pfizer, Heart Valve Consultation Fund, Cincinnati, Ohio, trustee, pro se.

## ORDER DENYING DEFENDANTS' REQUEST THAT THE HEARING FOR CLASS CERTIFICATION INCLUDE OTHER PENDING MOTIONS

SPIEGEL, District Judge.

This matter comes before the Court on the Defendants' request for hearings on motions for summary judgment and motion to dismiss at the hearing for class certification (doc. 18) and the Plaintiffs' response (doc. 23). The issue before the Court is whether this Court should consider the Defendants' dispositive motions simultaneously with the Plaintiffs' motion for class certification.

The Federal Rules of Civil Procedure require that a court should determine whether to certify a class action "as soon as is practicable." Fed.R.Civ.P. 23(c). Consequently, courts have generally held that class certification issues should be addressed before consideration of a dispositive motion. *Smiley v. Hardwick*, No. 90 C 5387, 1991 WL 156208, at *2, 1991 U.S.Dist. LEXIS 11011, at *6 (N.D.Ill. Aug. 1, 1991); *see also Rutan v. Republican Party of Illinois*, 868 F.2d 943, 947 (7th Cir.1989), *aff'd in part and rev'd in part on other grounds*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

The courts have suggested several rationales for this rule. The first reason involves the policy of judicial efficiency. Considering class certification initially permits the possibility that a subsequent judgment by the court to be binding on all the plaintiffs, rather than on the named class representatives. Consequently, the court can consider dispositive motions for class members in one action, rather than in a subsequent series of suits. The court in *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir.1988), *cert. denied*, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989), stated the second rationale for considering class certification before dispositive motions:

> ... one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly. After even a tentative decision on the merits, incentives are different. Indeed, a class representative who has lost on the merits may have a duty to the class to oppose certification, to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset. It is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.

Both of these policy rationales apply to the case before the Court. We will consider class certification before the Defendants' dispositive motions because it may promote judicial efficiency by resolving this dispute in one law suit. Furthermore, we

are taking this action in order to allow the parties to accurately gauge the stakes involved in this litigation.

The courts have recognized an exception to the general rule where a plaintiff's complaint is facially suspect and incurable. *Smiley,* No. 90 C 5387. In the case before the Court, the Plaintiff's complaint is not facially suspect or incurable. Without considering the merits of the Defendants' motions, the Plaintiffs' complaint sets forth a legitimate action in a federal district court.

Accordingly, this Court will consider the motion for class certification before it considers the Defendants' dispositive motions.

SO ORDERED.