3 F.3d 1067
 26 Fed.R.Serv.3d 982
 George PAGANIS and Ellen Paganis, Plaintiffs-Appellants,
v.
Michael B. BLONSTEIN, Eagle Real Estate Services, Ltd.,
Wal-Mart Stores, Inc., a corporation, and Mayor
Reid Paxson, individually, Defendants-Appellees.
 No. 92-3092.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 14, 1993.
Decided Aug. 24, 1993.
 
 John J. Arado (argued), Karen M. Johnston, Wildman, Harrold, Allen & Dixon, Chicago, IL, for plaintiffs-appellants.
 Donald F. Engel, Stephen R. Chesler (argued), David J. Schwartz, Gottlieb & Schwartz, Chicago, IL, for Michael B. Blonstein, Eagle Real Estate Services, Ltd.
 Joshua G. Vincent, Peter D. Sullivan, Hinshaw & Culbertson, Stephen R. Chesler, Chicago, IL, Richard W. Sandrok, Hinshaw & Culbertson, Lisle, IL, for Wal-Mart Stores, Inc.
 Francis P. Kasbohm, Joseph P. Bonaccorsi, Michael T. McCormick, Terrence F. Guolee, Fraterrigo, Best & Beranek, Stephen R. Chesler, Chicago, IL, for Reid Paxson.
 Before CUDAHY, MANION and KANNE, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 We are asked by the plaintiffs to review the merits of the district court's June 1, 1992 judgment of dismissal from which the plaintiffs did not file an appeal. The plaintiffs also seek a reversal of the district court's August 3, 1992 judgment, which denied them leave to amend their complaint. The plaintiffs claim that we can review the merits of the June 1 disposition because that judgment was not final, and they timely appealed the "real" final judgment in the case entered on August 3, 1992. We conclude that the June 1 judgment was final and appealable on that date. The district court's subsequent judgment, made pursuant to Federal Rule of Civil Procedure 60(a), simply made explicit what was previously implicit in the June 1 judgment--the case was dismissed with prejudice. Consequently, we are without jurisdiction to review the merits of the June 1 judgment, and the district court properly refused to allow the plaintiffs to file an amended complaint.
 
 I. Background
 
 2
 On December 17, 1991, George and Ellen Paganis filed a complaint alleging that the defendants conspired to deprive them of their property without due process, in violation of 42 U.S.C. Sec. 1983 and the Fourteenth Amendment. By April 2, 1992, all the defendants had filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court referred the case to a magistrate judge who issued his report and recommendation on April 15, 1992. The magistrate judge's report recommended granting Wal-Mart's, Eagle Real Estate's and Blonstein's motions to dismiss. The report did not mention Mayor Paxson's motion, perhaps because it was the last motion filed.
 
 
 3
 Subsequent to the magistrate's report and recommendation, the docket discloses that three entries were made on June 1, 1992: (1) the judge's memorandum opinion and order; (2) a minute order; and (3) a judgment entry (on form AO450). The memorandum opinion and order concludes, "the court dismisses the instant action with respect to all defendants." The minute order states that the defendants' motions to dismiss the case are granted. The judgment entry reads:
 
 
 4
 IT IS ORDERED AND ADJUDGED that pursuant to the court's memorandum opinion and order judgment by dismissal pursuant to Federal Rule[ ] of Civil Procedure 12(b)(6) is entered in favor of defendants, WAL-MART, EAGLE REAL ESTATE, BLONSTEIN, and PAXSON and against plaintiffs.
 
 
 5
 In response to this adverse judgment, the plaintiffs did not file a notice of appeal with this court. Nor did they ask the district court to reconsider the judgment pursuant to Federal Rule of Civil Procedure 59 or 60. Instead, on June 26, 1992, the plaintiffs sought leave to file their first amended complaint. The defendants filed objections, arguing that because the June 1 judgment entry was a final judgment, the district court did not have jurisdiction to entertain the motion for leave to amend, absent the filing of a Rule 59 or Rule 60 motion.
 
 
 6
 On August 3, 1992, a second set of documents was entered on the district court's docket: (1) the judge's memorandum opinion and order; (2) a minute order; and (3) a judgment entry (on form AO450). The following language in the judgment entry sums up the district court's disposition of the plaintiffs' motion:
 
 
 7
 IT IS ORDERED AND ADJUDGED that pursuant to the court's memorandum opinion and orders entered May 29, 1992 [docketed June 1] and July 31, 1992 [docketed August 3], judgment by dismissal with prejudice pursuant to Rule 12(b)(6) and denial of plaintiffs motion to file an amended complaint is entered in favor of defendants and against plaintiffs.
 
 
 8
 The plaintiffs claim that their appeal of the August 3 judgment raises both the issues resolved by the June 1 judgment and the issues resolved by entry of judgment dated August 3. The defendants argue that because the June 1 judgment was a final judgment, which the plaintiffs failed to appeal, we do not have jurisdiction to address the matters settled in that disposition. The defendants also contend that the district court's August 3 judgment properly denied the plaintiffs' motion for leave to amend because the district court did not have jurisdiction to consider the plaintiffs' motion.
 
 II. Analysis
 
 9
 Our first task is to determine whether the June 1 judgment was final. If it was, we lack jurisdiction to review any issues raised therein because the plaintiffs did not file a timely appeal from that judgment. See FED.R.APP.P. 4(a). See also Lentomyynti Oy v. Medivac, Inc., 997 F.2d 364, 366 (7th Cir.1993); Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin, 957 F.2d 515, 517 (7th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992). On the other hand, if the June 1 judgment was not final, the plaintiffs could not have appealed until after the August 3 clarifying judgment was entered. Alpine State Bank v. Ohio Casualty Insurance Co., 941 F.2d 554, 557 (7th Cir.1991) (appellate court does not have jurisdiction to hear an appeal of a non-final judgment). Therefore, if we view the June 1 judgment as not final, the plaintiffs' appeal of the August 3 clarifying judgment brings up for our review all the issues decided in the June 1 judgment. In re Grabill Corp., 983 F.2d 773, 775 (7th Cir.1993) (the appeal of a final judgment brings up all issues previously resolved by the district court in the litigation).
 
 
 10
 "The requirement of finality is a statutory mandate, not a rule of discretion." Alpine State Bank, 941 F.2d at 557 (citing 28 U.S.C. Sec. 1291). "In general, a decision is final for the purpose of Sec. 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n., 805 F.2d 663, 666 (7th Cir.1986), cert. denied, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987).
 
 
 11
 In addition to fully disposing of the case, a final judgment must comply with Federal Rule of Civil Procedure 58. Rule 58 requires the entry of a separate document, which informs the parties and the appellate court exactly what has been decided. Reytblatt v. Denton, 812 F.2d 1042, 1043 (7th Cir.1987). A final judgment must be complete and self-contained, and must "set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief." Id. at 1044. To determine whether a judgment is final, the language of the judgment itself is controlling. Benjamin v. United States, 833 F.2d 669, 671 (7th Cir.1987).
 
 
 12
 The plaintiffs argue that the June 1 judgment entry, embodied in the AO450 form, does not comply with Rule 58 for two reasons: (1) it does not state the disposition of the case--whether the "case" or merely the "complaint" was dismissed; and (2) it impermissibly incorporates another document--the court's memorandum opinion and order.[1] Neither argument is convincing.
 
 
 13
 The dismissal of a complaint does not end the litigation. Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 463 (7th Cir.1988); Bieneman v. City of Chicago, 838 F.2d 962, 963 (7th Cir.1988); Benjamin, 833 F.2d at 671; Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). "In contrast, a dismissal of the entire action ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to Fed.R.Civ.P. 59 or Rule 60." Benjamin, 833 F.2d at 671. See also Car Carriers, 745 F.2d at 1111. Therefore, if a judgment entry dismisses only the complaint, it is not a final judgment.
 
 
 14
 The plaintiffs argue that the language of the June 1 judgment entry is too ambiguous to determine the disposition of the case. We disagree and conclude that the June 1 judgment dismissed the entire action. The judgment reads: "judgment by dismissal ... is entered in favor of defendants ... against plaintiffs." This is language of finality indicating that the plaintiffs are denied all relief. The judgment entry did not simply grant a motion, nor did it say "the plaintiffs' complaint is dismissed." It said judgment against plaintiffs. Rule 58 does not require more. Reytblatt, 812 F.2d at 1044 (judgment must indicate that plaintiffs are denied all relief).
 
 
 15
 Benjamin and Bieneman do not alter our conclusion. In Benjamin, the court's judgment entry specifically stated only that the complaint was dismissed. 833 F.2d at 671. Given this fact, we refused to conclude that the entire action was dismissed simply because the accompanying entry on the docket used the terms "complaint" and "action" interchangeably. Id. at 672. See also Akins v. Board of Governors of State Colleges & Universities, 840 F.2d 1371, 1375 n. 2 (7th Cir.1988) (judgment stating "Court grants defendants' motion to dismiss the complaint" not a final judgment), vacated, 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988), reinstated in relevant part, 867 F.2d 972 (1988). As we discussed, the June 1 judgment entry reads "judgment by dismissal ... against the plaintiffs." The judgment entry makes no mention of the complaint.
 
 
 16
 Bieneman is also distinguishable. In that case, the court's judgment dismissed various counts of the complaint. 838 F.2d at 963. We dismissed the appeal for want of jurisdiction, concluding that because the district court had not decided whether or not to certify a class, the judgment did not contain the essential ingredient of stating who was bound by it. Id. Accord Glidden v. Chromalloy American Corp., 808 F.2d 621 (7th Cir.1986) (judgment not final because district judge had reserved ruling on class certification for some future time). This case does not involve a class action, and the district court did not indicate that it had reserved judgment on any other issues. See, e.g., Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Ltd., 845 F.2d 674, 676 (7th Cir.1988) (no final judgment where district court dismissed nine of ten counts without prejudice and "expressly granted the plaintiff the right to reinstate [certain counts] upon the filing of a written motion").
 
 
 17
 The plaintiffs' reliance on Reytblatt is also misguided. In that case, we held that the following language did not constitute a final judgment:
 
 
 18
 Insofar as the Court has determined that the defendant is protected by absolute privilege it is unnecessary to determine whether the defendant was properly served or whether venue is proper.
 
 
 19
 812 F.2d at 1043. We agree this language is ambiguous and fails to alert anyone to the court's disposition of the case. However, this language is a far cry from that in the case before us, "judgment by dismissal ... against plaintiffs." Perhaps because the plaintiffs realize how easily the facts of Reytblatt are distinguishable from those in the instant case, they direct us to the following dicta:
 
 
 20
 A Rule 58 judgment for this case, in which the district judge apparently meant to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), should say: "Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice." That indicates both the ruling and the disposition--the latter being the more important.
 
 
 21
 812 F.2d at 1044.
 
 
 22
 We reject the plaintiffs' suggestion that this language requires the district court to use certain magic words to comply with Rule 58. Reytblatt suggests a judgment entry should read a certain way, not that it must. What the judgment entry must do is state that the plaintiffs are denied all relief. We have already concluded that the judgment entry in this case did just that. Moreover, other cases support our conclusion that no special wording is required to comply with Rule 58. See American National Bank v. Secretary of HUD, 946 F.2d 1286, 1289 (7th Cir.1991) (judgment which did not use the words "with prejudice" held to comply with Rule 58); Homemakers North Shore, Inc. v. Bowen, 823 F.2d 174, 174 (7th Cir.1987) (judgment "completely and succinctly" ended litigation despite the fact that the words "with prejudice" were absent).
 
 
 23
 Furthermore, the plaintiffs' contention that a judgment cannot comply with Rule 58 unless it states "with prejudice" ignores Federal Rule of Civil Procedure 41(b).[2] Rule 41(b) states that unless the judgment provides otherwise, involuntary dismissal, including a dismissal for failure to state a claim under Rule 12(b)(6), is an adjudication on the merits--in other words, a dismissal with prejudice. 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE Sec. 2373 (1973) ("with prejudice" is an acceptable form of shorthand for "adjudication on the merits"). See also LeBeau v. Taco Bell, 892 F.2d 605, 608 (7th Cir.1989) ("because the judgment did not otherwise state, the dismissal was on the merits--with prejudice"); Cannon v. Loyola University of Chicago, 784 F.2d 777, 780 (7th Cir.1986) (Rule 41(b) applies to Rule 12(b)(6) dismissals), cert. denied, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987); Rinehart v. Locke, 454 F.2d 313, 315 (7th Cir.1971) (same). Hence, under Rule 41(b), the plaintiffs had the burden of asking the district court either to specify dismissal "without prejudice" in its judgment entry or to vacate the dismissal. LeBeau, 892 F.2d at 608 ("If the plaintiff thought that Judge Duff had intended to dismiss without prejudice, but that the minute order failed to reflect this, she should have sought modification"). The plaintiffs in the case at bar did neither.[3]
 
 
 24
 The plaintiffs' next argument fares no better than their first. It is true that a final judgment should not incorporate any other document or contain legal reasoning. American National Bank, 946 F.2d at 1289; Reytblatt, 812 F.2d at 1044. However, the basis for this rule is that "[a]n opinion is not a sufficient substitute for a judgment." American National Bank, 946 F.2d at 1289. The dispositive question is not whether a judgment entry mentions another document, but whether the judgment entry is self-contained and sets forth the relief to which the parties are entitled. Id. The fact that the district court's judgment entry included the phrase "pursuant to memorandum opinion and order" does not turn a self-contained final judgment into a non-final order.[4]
 
 
 25
 The plaintiffs, relying on language in the documents entered by the court on August 3, make one final argument to support their position that the June 1 judgment entry was not final. In its memorandum opinion and order, and in its minute order, the court stated that it was clarifying its June 1 judgment to "dismiss the action with prejudice." The August 3 judgment entry states, "pursuant to ... orders entered May 29, 1992 and July 31, 1992, judgment by dismissal with prejudice ... is entered in favor of defendants and against plaintiffs." According to the plaintiffs, if the June 1 judgment entry had been final, the district court would not have clarified it because it would have already been self-contained and complete. We disagree.
 
 
 26
 The district court clarified, sua sponte, the June 1 judgment, apparently invoking its authority under Federal Rule of Civil Procedure 60(a), which permits the district judge to make the judgment speak the truth. "Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE Sec. 2854 (1973). Contrary to the plaintiffs' view that the August 3 judgment somehow altered the June 1 judgment, making it final, neither party filed a motion to alter or amend judgment pursuant to Rule 59(e) or 60(b). Therefore, the August 3 judgment entry could not change the earlier judgment entry; rather it merely made "explicit what was already implicit in the [June 1] order"--given the existence of Rule 41(b): the case had been dismissed with prejudice. LeBeau, 892 F.2d at 609.
 
 
 27
 As our earlier discussion indicates, the district judge did not need to clarify the June 1 judgment by adding the words "with prejudice" to make it final. Rule 41(b) requires those words be read into the judgment unless it states "without prejudice." We decline the plaintiffs' invitation to impeach a final judgment with a clarification that effected no change. The August 3 clarifying judgment had no effect on the finality of the June 1 judgment, which was self-contained and complete. Nor did it stop the appeal time clock from ticking. Id.[5]
 
 
 28
 The only remaining issue we need address is the district court's handling of the plaintiffs' motion for leave to amend their complaint. The plaintiffs claim that because the June 1 judgment was not final, they were entitled to amend their complaint once as a matter of right, pursuant to Federal Rule of Civil Procedure 15(a). Having concluded that the June 1 judgment was final, this argument must fail.
 
 
 29
 The plaintiffs have a fall back argument, however, which is that the district court abused its discretion in denying the motion for leave to amend. The defendants have two responses to this argument. First, they argue that the district court was without jurisdiction to decide the plaintiffs' motion because the plaintiffs failed to file a Rule 59(e) or Rule 60(b) motion before or at the time they filed their motion for leave to amend. Second, the defendants take the position that, if the district court had jurisdiction, it did not abuse its discretion by failing to grant the plaintiffs' motion. While the defendants would prevail under either theory, we find the first argument meritorious and more consistent with our case law.
 
 The law on this issue is well settled:
 
 30
 This Circuit has clarified recently that once a district court enters judgment upon a dismissal (as opposed to a mere dismissal of the complaint), the plaintiff may amend the complaint under Rule 15(a), Fed.R.Civ.P., solely with "leave of court" after a motion under Rule 59(e) or 60(b), Fed.R.Civ.P., has been made and the judgment has been set aside or vacated. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir.1984), certiorari denied, U.S. [1054], 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). The right under Rule 15(a) to amend "once as a matter of course" is lost after the entry of judgment. Id.
 
 
 31
 Twohy v. First National Bank of Chicago, 758 F.2d 1185, 1196 (7th Cir.1985) (emphasis added). See also First National Bank v. Continental Illinois National Bank, 933 F.2d 466, 468 (7th Cir.1991); Otto v. Variable Annuity Life Insurance, 814 F.2d 1127, 1139 (7th Cir.1986), cert. denied, 486 U.S. 1026, 108 S.Ct. 2004, 100 L.Ed.2d 235 (1988); Swam v. United States, 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964).
 
 
 32
 These cases make it clear that the district court lacked jurisdiction to review the plaintiffs' motion, absent a Rule 59(e) or 60(b) motion. It is undisputed that the plaintiffs never filed either. Nor do the plaintiffs argue that we should construe their motion for leave to amend as either a Rule 59(e) or 60(b) motion. Therefore, the "motion for leave to amend was a nullity" and the district court properly refused to grant it. Otto, 814 F.2d at 1140; Car Carriers, 745 F.2d at 1112.
 
 
 33
 The plaintiffs contend that the district court had jurisdiction to entertain their motion for leave to amend even though they failed to file a Rule 59(e) or 60(b) motion, citing Amendola v. Bayer, 907 F.2d 760, 765 (7th Cir.1990). Amendola, say the plaintiffs, demonstrates that the district court is not prohibited on jurisdictional grounds from considering a motion for leave to amend. The plaintiffs read Amendola to leave the decision whether to review such a motion to the district court's discretion. We disagree, finding Amendola distinguishable.
 
 
 34
 In Amendola, the plaintiffs simultaneously filed a motion to reconsider[6] and a motion for leave to amend; the district court denied both motions. 907 F.2d at 762. We held that the district court did not abuse its discretion by denying the motion for leave to amend. Id. at 765. However, we only reached that stage of review because the district court had jurisdiction to review the motion for leave to amend. The plaintiffs' filing of a motion to reconsider together with their motion for leave to amend conferred jurisdiction on the district court. See id. at 765 n. 4. See also First National Bank, 933 F.2d at 468; Car Carriers, 745 F.2d at 1112. Presumably the motion to reconsider asked the district court to reconsider its judgment, at least in part, because the plaintiffs believed they could salvage their case with an amended pleading. Consequently, it was necessary for the district court to examine the merits of the motion for leave to amend.[7] Given these circumstances, we held that the district court did not abuse its discretion by reviewing the merits of the motion for leave to amend and then denying both motions.[8]
 
 
 35
 The plaintiffs in this case did not file a Rule 59(e) or Rule 60(b) motion. As a result, the district court lacked jurisdiction to review the motion for leave to amend. A motion for leave to amend filed without a Rule 59(e) or 60(b) motion is insufficient to confer jurisdiction. As a result, we do not reach the stage of reviewing the district court's decision for an abuse of discretion. Because the plaintiffs failed to file a Rule 59(e) or Rule 60(b) motion, we must conclude that the plaintiffs' motion for leave to amend was a nullity and the district court properly refused to grant it. The correct result was achieved, although the correct disposition in the case should have been dismissal for lack of jurisdiction rather than denial of the motion.
 
 III. Conclusion
 
 36
 The determination made by the district court in its clarifying Rule 60(a) judgment entry on August 3 was correct. The court's judgment of dismissal entered on June 1 was implicitly with prejudice pursuant to Rule 41(b). The district court was therefore without jurisdiction--absent the filing of a Rule 59(e) or 60(b) motion--to review the plaintiffs' subsequent motion for leave to file an amended complaint.
 
 
 37
 The district court's disposition of the plaintiffs' petition for leave to file an amended complaint is modified from denial to dismissal for lack of jurisdiction, and is AFFIRMED as modified.
 
 
 38
 CUDAHY, Circuit Judge, concurring.
 
 
 39
 I believe that the jurisdictional analysis of the majority is supportable from the cases. It seems to me, however, perhaps hyper-technical under the circumstances to require of the plaintiffs the filing of a separate Fed.R.Civ.P. 60(b) motion in addition to their Rule 15(a) motion to amend their complaint. Although a 60(b) motion is indeed required to reinstate the dismissed case, Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1196 (7th Cir.1985), I think, in the interests of justice, it would not be too strained to construe the 15(a) motion as impliedly incorporating a request for relief from judgment, i.e., a 60(b) motion. In the present circumstances, a requirement of two separate pieces of paper may serve only a formalistic end.
 
 
 40
 In any event, however, the district court had broad discretion in dealing both with a 60(b) motion to re-open the judgment and a Rule 15(a) motion to amend the complaint. It would be very difficult to find a double-barrel abuse of discretion here, and I would, therefore, concur in the affirmance of the district court's decision.
 
 
 
 [1]
 Both parties apparently assume that the AO450 form is "the judgment" which must comply with Rule 58. Generally, the parties' assumption is correct because the AO450 form usually is the document separately filed and docketed pursuant to Federal Rule of Civil Procedure 79(a). See American National Bank v. Secretary of HUD, 946 F.2d 1286, 1289 (7th Cir.1991). However, we note that a minute order can also satisfy the separate document requirement of Rule 58. Id. Our analysis focuses on the document to which the parties directed their arguments. However, we would reach the same conclusion if we focused on the minute order
 
 
 [2]
 We note that Reytblatt makes no mention of Rule 41(b)
 
 
 [3]
 The plaintiffs' argument that Rule 41(b) cannot be used to defeat the requirements of Rule 58 is meritless. Rule 41(b) does not conflict with Rule 58, rather it supplies a default rule for interpreting the language of judgments
 
 
 [4]
 The plaintiffs' argument that the "pursuant to" language in the June 1 judgment rendered that judgment non-final is weakened by their claim that the August 3 judgment is final even though that judgment contains identical language
 
 
 [5]
 It appears that Reytblatt led the district court to enter a second judgment iterating what the first judgment entry implicitly directed--that the dismissal was "with prejudice." While we understand the district court's laudable motive to give the plaintiffs an opportunity to correct their failure to appeal the first judgment, the court did not have authority to extend the time for appeal. As a result, the language of the district court's August 3 minute order, indicating that the time for appeal of the dismissal of the case began on August 3, was void ab initio
 
 
 [6]
 We assume the motion to reconsider was a Rule 59(e) or Rule 60(b) motion
 
 
 [7]
 We suggested in a footnote that the district court could have merely examined the motion to reconsider, denied it and never addressed the merits of the motion for leave to amend. While that might be appropriate in some cases, we believe that, in general, when a party simultaneously files both motions, the district court will have to examine the merits of a motion for leave to amend before it can decide whether or not to grant the party's Rule 59(e) or 60(b) motion
 
 
 [8]
 We note, however, that when a district court decides to permit the plaintiffs to amend their complaint, it must grant their Rule 59(e) or Rule 60(b) motion, because a plaintiff may not amend unless the judgment is set aside or vacated. See Twohy, 758 F.2d at 1196