996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carole Anderson ROMASANTA, et al., Plaintiffs,
v.
UNITED AIR LINES, INCORPORATED, a corporation, Defendant-Appellee,
and
Association of Flight Attendants, AFL-CIO, Intervenor-Appellee.
Appeal of Anita McCORMACK
 No. 90-2276.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
Rehearing Denied Oct. 26, 1993.
 
 Before BAUER, Chief Judge, and FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anita McCormack was a member of a plaintiff class that successfully challenged United Air Line's requirement that its female flight attendants be unmarried. She sought reinstatement as a United flight attendant under the terms of the class settlement agreement, but was declared medically unqualified. A special master determined that United's refusal to reinstate McCormack was reasonable. The district court agreed and directed entry of a judgment pursuant to the requirements of Rule 54(b) of the Federal Rules of Civil Procedure.
 
 
 2
 Our review of this case takes us no further than a discussion of the court's own jurisdiction. See United States v. Smith, No. 92-2135, slip op. at 2 (7th Cir. April 19, 1993) ("Our first task in every appeal is to examine our own jurisdiction.").
 
 
 3
 Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment appealed. In this case, the district court certified a judgment denying appellant's claim under Fed.R.Civ.P. 54(b) on April 26, 1990 and the order was entered on April 27, 1990. The notice of appeal filed on June 6, 1990, therefore, was eight days late. See Glidden v. Chromalloy American Corp., 808 F.2d 621, 623 (7th Cir.1986) (if a judgment is properly certified under Rule 54(b), it is a final judgment and must be appealed, if at all, within the usual time for appeals in civil cases).
 
 
 4
 Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows a party to request an extension of time to file an appeal if such request is filed with the district court not later than thirty days after expiration of the period allowed for appeal. Harrison v. Dean Witter Reynolds, Inc., 974 F.2d 873, 886 (7th Cir.1992); Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 909 (7th Cir.1989). Given that the district court's judgment was entered on April 27, 1990, McCormack had until June 28, 1990, to file such a motion.
 
 
 5
 McCormack's extension motion is dated June 30, 1990, but for some reason it was not stamped "Filed" in the district court until September 5, 1990. (It was not finally "docketed" until December 18, 1990.) Even so, it is abundantly clear from the face of the motion that it was not timely filed. The June 30, 1990 date is beyond the time allowed by Rule 4(a)(5). Accordingly, the district court's order of December 10, 1990, granting an extension of time to McCormack was unauthorized. Compare United States v. Dumont, 936 F.2d 292, 295 (7th Cir.1991) (district judge not authorized to extend the time to appeal in a criminal case beyond 30 days from the expiration of the time to appeal).
 
 
 6
 This appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)