**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES H. HAIRSTON,

             Petitioner-Appellant,

v.

AL RAMIREZ, Warden,

             Respondent-Appellee.

No. 11-99012

D.C. No. 1:00-cv-00303-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 20, 2018[**]
Pasadena, California

Before: GRABER, RAWLINSON, and BYBEE, Circuit Judges.

James Hairston was convicted in Idaho of first degree murder and robbery

and sentenced to death. Following state post-conviction proceedings, Hairston

filed a federal petition for habeas corpus challenging his convictions and sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on several grounds, including ineffective assistance of counsel ("IAC"). The district court dismissed his petition, concluding that, to the extent Hairston was claiming that his trial counsel was ineffective in investigating and presenting mitigation evidence, that claim was "procedurally defaulted" because it was not raised in state court. The district court issued a Certificate of Appealability for several of the dismissed claims, including the mitigation IAC claim.

While Hairston's appeal was pending, the Supreme Court decided *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for [excusing] a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. At the State's request, we ordered "a limited remand for reconsideration" of the mitigation IAC claim "in light of *Martinez*." On remand, the district court issued a decision and order concluding that Hairston did not allege a claim of ineffective assistance of trial counsel in investigating mitigation evidence, rendering *Martinez* inapplicable. The district court denied a Certificate of Appealability on this issue.

We expanded the original Certificate of Appealability to include whether the district court erred in "denying relief on the *Martinez* limited remand." We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and our review is *de novo*. *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014).

We conclude that Hairston has sufficiently alleged a claim of ineffective assistance of trial counsel in investigating and presenting mitigation evidence at sentencing. *See, e.g.*, *Zichko v. Idaho*, 247 F.3d 1015, 1020–21 (9th Cir. 2001); *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 952 (9th Cir. 1998). Hairston's habeas petition claims that he was "denied . . . effective assistance of counsel under the Sixth Amendment," it references his trial counsel's duty to "conduct a complete and thorough investigation into [his] background," and it alleges facts that would have been uncovered "had such a mitigation investigation been conducted."

Moreover, throughout these proceedings—at least until the last round of briefing before the district court—the State itself has acknowledged Hairston's mitigation IAC claim. In the original proceedings before the district court, the State recognized Hairston's claim that his "trial counsel's mitigation investigation was inadequate" and proceeded to argue the merits of that claim. And in this court, the State requested a limited remand for the district court to consider in the first instance whether Hairston "can show cause under *Martinez*" for excusing procedural default on that claim. The State has thus waived any argument that *Martinez* is inapplicable due to a pleading deficiency in Hairston's habeas petition. *See, e.g.*, *Wood v. Milyard*, 566 U.S. 463, 473–74 (2012); *Vang v. Nevada*, 329

F.3d 1069, 1072–73 (9th Cir. 2003); *see also Buck v. Davis*, 137 S. Ct. 759, 780 (2017).

We therefore vacate the district court's decision and order, and remand for the district court to apply *Martinez* in the first instance to Hairston's claim that his trial counsel was ineffective in investigating and presenting mitigation evidence at sentencing. In light of our disposition, we decline to reach Hairston's other arguments at this time. This panel will retain any future appeals in this case, and the parties need not repeat briefing on the other issues except as necessary to provide any additional factual or legal developments.

**VACATED** and **REMANDED**. Costs on appeal awarded to Petitioner-Appellant.