**Keith BENJAMIN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 85–2949.

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1987.

Decided Nov. 12, 1987.

Laura O'Connell, Andrews & Kurth, Houston, Tex., for plaintiff-appellant.

Gerald A. Coraz, Asst. U.S. Atty., John D. Tinder, U.S. Atty., Indianapolis, Ind., for defendant-appellee.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

In this case, we must decide whether we have jurisdiction to hear an appeal from a judgment entered by the district court dismissing the plaintiff's complaint for lack of subject matter jurisdiction. For the reasons which follow, we dismiss the appeal for want of jurisdiction.

I

Background

The plaintiff, Keith Benjamin, is a Rastafarian who, at the time he filed his complaint, was incarcerated at the United States Penitentiary at Terre Haute, Indiana. In his suit seeking monetary damages, a declaratory judgment and injunctive relief, Mr. Benjamin alleged that the prison officials denied him his requests for a meat-free diet. Abstinence from meat is one tenet of the Rastafarian religious teachings. Appellant's Br. at 3–4.

On July 17, 1984, Mr. Benjamin filed a complaint in the United States District Court for the Southern District of Indiana. The complaint contained a request for appointed counsel and a motion to proceed *in forma pauperis*. Mr. Benjamin, in his original complaint, listed Thomas Keohane, Jr. as defendant. Mr. Keohane was the Warden of the Terre Haute penitentiary at the time Mr. Benjamin commenced this action. Mr. Benjamin also named as a defendant the Assistant Warden, Paul J. Hungerford. R.2. On September 7, 1984, the district court ordered Mr. Benjamin to file an affidavit in support of his accompanying motion to proceed *in forma pauperis*. R.3 at 1–2. Mr. Benjamin complied with the court's order on October 9, 1984. R.4. Thereafter, on a date not specified in the record, Mr. Benjamin was transferred to the federal penitentiary in El Reno, Oklahoma. In an order dated November 8, 1984, the district judge granted Mr. Benjamin's motion to proceed *in forma pauperis* as to Mr. Keohane, but denied the motion as to Mr. Hungerford because, with respect to him, the complaint failed to state a claim upon which relief could be granted. R.5 at 2. Subsequently, federal authorities moved Mr. Benjamin to another federal penitentiary at Lompoc, California.

On January 17, 1985, the United States, on behalf of Mr. Keohane, moved for summary judgment and/or dismissal. R.6. Mr. Benjamin responded in opposition to the Government's motion on February 14,

1985. R.8. After the parties exchanged a further set of pleadings relating to the United States' motion, the district court, in an order dated July 3, 1985, denied summary judgment and withheld ruling on Mr. Benjamin's request for appointment of counsel. R.11 at 2. On August 6, 1985, the United States then moved to substitute itself for Mr. Keohane as the party-defendant. The government argued that such substitution was proper because Mr. Keohane had been named a plaintiff only in his official capacity. R.12; *see Kolar v. County of Sangamon,* 756 F.2d 564, 568 (7th Cir.1985). A copy of this motion was mailed to Mr. Benjamin, then incarcerated at the federal penitentiary at Lompoc, California. Mr. Benjamin did not reply to this motion nor did he amend his complaint. The district court granted the Government's motion in an order dated August 29, 1985. R.13.

In its initial responsive pleading, an answer to Mr. Benjamin's complaint dated September 12, 1985, the United States raised the affirmative defense of sovereign immunity. R.14 at 3. Several weeks later, on October 7, 1985, the district judge dismissed Mr. Benjamin's complaint for lack of subject matter jurisdiction. In a document entitled "entry," filed the same day as the judgment, the district court held that the plaintiff had failed to allege any exception to the bar of sovereign immunity. *Benjamin v. United States,* No. 84–202–C, entry at 1 (S.D. Ind. Oct. 7, 1987) [hereinafter Entry]; R.15 at 1. Mr. Benjamin then filed a timely notice of appeal with this court on November 4, 1985.

## II

### Dismissal of the Complaint

■ The government submits that this court is without jurisdiction because the district court simply dismissed the complaint, not the action in its entirety. Consequently, argues the government, there is no final judgment. *See* 28 U.S.C. § 1291. The jurisdictional question in this case therefore turns on whether the district court dismissed Mr. Benjamin's complaint or, instead, dismissed his action. We previ-

ously have held that the simple dismissal of a complaint does not terminate the litigation. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed. 821 (1985); *Peterson Steels, Inc. v. Seidmon,* 188 F.2d 193, 194 (7th Cir. 1951). In contrast, a dismissal of the entire action ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to Fed.R.Civ.P. 59 or Rule 60. *Car Carriers,* 745 F.2d at 1111; *see Swam v. United States,* 327 F.2d 431, 433 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). With this critical distinction in mind, we must examine the district court's order in this case to determine whether the dismissal was of the complaint or of the action.

■ In its judgment dated October 7, 1985, the district court stated that "Plaintiff take[s] nothing by his *Complaint* and said *Complaint* is DISMISSED." *Benjamin v. United States,* No. 84–202–C, judgment (S.D. Ind. Oct. 7, 1987); R.15 (emphasis supplied). Although the plain language used by the district court in its judgment evidences a dismissal of the complaint, in the accompanying entry, the district judge used the words "complaint" and "action" interchangeably. Entry at 1–2. In light of this ambiguity, Mr. Benjamin argues that the dismissal was on the action and not on the complaint. Appellant's Reply Br. at 3–4.

In contrast, the United States contends that the language that the district court used in its judgment is controlling. Appellee's Br. at 7. We agree. In *Reytblatt v. Denton,* 812 F.2d 1042 (7th Cir.1987), we held that "[t]he final judgment in a case should be complete and self-contained. It must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief. It should not incorporate some other document or contain legal reasoning." *Id.* at 1043–44 (citations omitted). Here, the judgment of the district court is self-contained and specifies exactly what was dismissed, i.e. the complaint and only the complaint. We do not believe that the ambigu-

ous "entry" accompanying the judgment ought to impeach the explicit language of the judgment itself. In this case, it is not at all "clear" that the district court had concluded that "the action could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make...." *Marshall v. Sawyer,* 301 F.2d 639, 643 (9th Cir.1962); *see also California v. Harvier,* 700 F.2d 1217, 1218 (9th Cir.), *cert. denied,* 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983); *Ruby v. Secretary of the Navy,* 365 F.2d 385, 387 (9th Cir.1966), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Firchau v. Diamond Nat'l Corp.,* 345 F.2d 269, 270–71 (9th Cir.1965). *See generally Sherman v. American Fed'n of Musicians,* 588 F.2d 1313, 1315 (10th Cir.1978), *cert. denied,* 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979). Here, the plaintiff was incarcerated in California and the district judge had not ruled definitively on his request for counsel. These considerations hardly constitute "special circumstances," *Firchau,* 345 F.2d at 270–71, which might permit a deviation from the general rule that the language of the judgment must stand on its own.

Fed.R.Civ.P. 58 supports this result because, under the Rule, the judgment is designed to alert the parties and the appellate court when a district court renders a final, appealable order. *Reytblatt,* 812 F.2d at 1043; *see* Fed.R.Civ.P. 58. Because we have determined that the district court dismissed only Mr. Benjamin's complaint and not his action, the district court has not yet issued a final order terminating the litigation. *Car Carriers,* 745 F.2d at 1111. As noted previously, under 28 U.S.C. § 1291, this court does not have appellate jurisdiction until the district court issues a final order.

We express no view concerning the merits of the case. The case, including Mr. Benjamin's request for counsel, is still before the district court. We simply dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.