PRINCIPAL MUTUAL LIFE INSUR-
ANCE COMPANY, an Iowa corpora-
tion, formerly known as Bankers Life
Company, Plaintiff–Appellee,

v.

CINCINNATI TV 64 LIMITED PART-
NERSHIP, a Tennessee limited
partnership, Defendant–Appellant.

No. 87–2067.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1988.

Decided April 21, 1988.

David A. Axelrod, Feiwell, Galper & La-
sky, Ltd., Chicago, Ill., for defendant-appel-
lant.

Timothy A. French, Gardner, Carton &
Douglas, Chicago, Ill., for plaintiff-appel-
lee.

Before COFFEY and RIPPLE,
Circuit Judges, and ESCHBACH,
Senior Circuit Judge.

RIPPLE, Circuit Judge.

Cincinnati TV 64 Limited Partnership
(Cincinnati TV) appeals on behalf of Mr.
Stephen Eaton, a general partner of Cincin-
nati TV, from a judgment entered against
Mr. Eaton in his individual capacity. Al-
though this case presents a significant is-
sue of whether a general partner in a limit-
ed partnership must be named in the com-

plaint and served process in order to be held personally liable for partnership debts, we must dismiss the appeal for want of jurisdiction.

## I

### Background

Principal Mutual Life Insurance Company (Principal Mutual) brought a diversity action against Cincinnati TV seeking money allegedly owed to Principal Mutual under a promissory note. The complaint named Cincinnati TV and LaSalle National Bank as defendants. Cincinnati TV's two general partners, Mr. Eaton and Media Capital of Cincinnati TV 64 Limited Partnership (Media Capital), were not named in the complaint. Service of process on the partnership was effected by serving Media Capital and Mr. Eaton in their capacities as general partners. The summons served on Mr. Eaton was addressed as follows: Cincinnati TV 64 Limited Partnership, c/o J. Stephen Eaton, General Partner.

On December 2, 1986, Principal Mutual filed for summary judgment against Cincinnati TV, Media Capital and Mr. Eaton. On January 29, 1987, the district court denied the motion for summary judgment, but ruled that it had jurisdiction over Mr. Eaton to enter a judgment against him if and when such judgment became appropriate. *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership,* No. 86 C 9093, order at 6 (N.D.Ill. Jan. 29, 1987) [Available on WESTLAW, 1987 WL 5910]; R.48. The court reasoned that Mr. Eaton had been served because he had received a copy of the complaint. The court did not address the fact that Mr. Eaton had not been named in the complaint. On March 2, 1987, the district court granted Principal Mutual's motion for reconsideration on the merits of the case and entered summary judgment against Cincinnati TV, Media Capital and Mr. Eaton.

On June 9, 1987, the court entered an order granting judgment on Count I of the complaint in favor of Principal Mutual in the amount of $279,141.61. With respect to Counts II through VII of the complaint, the court said that those counts "are dis-missed without prejudice, and plaintiff be and hereby is granted leave to reinstate Counts II through VII upon the filing of a written motion with this Court." *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership,* No. 86 C 9093, order at 1 (N.D.Ill. June 9, 1987); R.80. Counts VIII through X of the complaint, which related to defendant LaSalle National Bank, were likewise dismissed without prejudice, with the plaintiff entitled "to reinstate Counts VIII through X upon the filing of a written motion with this Court within 30 days of the date of this Order." *Id.* at 2. Cincinnati TV filed its notice of appeal on July 7, 1987. On July 10, 1987, after a preliminary review of the record, this court ordered Cincinnati TV to file a memorandum stating why this appeal should not be dismissed for lack of jurisdiction. On July 22, 1987, Cincinnati TV responded to this court's request, stating its position that the district court's order was final and appealable. On August 20, 1987, this court then entered an order remanding the case to the district court so that the district court might enter an order stating whether it intended to enter a final judgment. In that order, we explicitly noted our concern that the June 9 order permitted the plaintiff to reinstate certain counts of the complaint. On September 2, 1987, the district court entered an additional order stating that "this Courts' [sic] Orders dated June 9, 1987 were intended to, and did enter final judgment in this cause." *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership,* No. 86 C 9093, order (N.D.Ill. Sept. 2, 1987); R.100. On September 17, 1987, this court prepared a briefing schedule for the parties and instructed them to discuss the finality of the district court's order in their briefs.

## II

### Discussion

■ Neither party to this appeal questions this court's jurisdiction. Regardless, we have an independent obligation to determine whether the district court has entered a final, appealable order. *ODC Communi-*

*cations Corp. v. Wenruth Invs.*, 826 F.2d 509, 513 (7th Cir.1987); *Maguire v. Marquette Univ.*, 814 F.2d 1213, 1218 n. 4 (7th Cir.1987). The requirement of finality before this court can exercise jurisdiction is not a rule of discretion, but is a statutory mandate. 28 U.S.C. § 1291.

■ We have jurisdiction over this appeal only if the district court has terminated the litigation in its entirety. The mere fact that the court below may have dismissed the complaint is insufficient. *Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir.1988); *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir.1987); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). An order dismissing a complaint is not final because a plaintiff may file an amended complaint, resurrecting the lawsuit. *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 755 (7th Cir.1988); *Bieneman*, 838 F.2d at 963; *Benjamin*, 833 F.2d at 671. As we said in *Benjamin*, "the simple dismissal of a complaint does not terminate the litigation. In contrast, a dismissal of the entire action ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to Fed.R.Civ.P. 59 or Rule 60." 833 F.2d at 671.

■ In this case, it is clear that there is no final judgment. The order of the district court granted judgment on one count, but the other nine counts were dismissed without prejudice and the court expressly granted the plaintiff the right to reinstate counts II through VII upon the filing of a written motion. The fate of counts VIII through X is unclear. Apparently, they may still be reinstated by an amended complaint.

Implicitly in *Benjamin*, and explicitly in *Akins v. Board of Governors*, 840 F.2d 1371, 1375 n. 2 (7th Cir.1988), we noted that, under "special circumstances," dismissal of the complaint could constitute adequate finality. *Id.* That exception applies when "it is 'clear' that the court below found that 'the action could not be saved

by any amendment of the complaint which the plaintiff could reasonably be expected to make....'" *California v. Harvier*, 700 F.2d 1217, 1218 (9th Cir.) (quoting *Marshall v. Sawyer*, 301 F.2d 639, 643 (9th Cir.1962)), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). This exception does not apply here. The district court dismissed the complaint without prejudice and explicitly permitted reinstatement of that complaint upon a simple motion. *See generally Bieneman*, 838 F.2d at 963 ("Bieneman's case has not ended, however, given the district judge's express identification of this issue as one needing resolution.").

■ The district court's order on September 2, 1987, stating "that this courts' [sic] orders dated June 9, 1987 were intended to and did enter final judgment in this cause," cannot cure the defect. This order simply recites the district court's view that the earlier order was a final judgment and appealable. It does not resolve the concern expressed in our order of August 20 that the district court has, according to its June 9 order, left the parties free to reinstate certain counts. Indeed, both parties noted at oral argument that most of the counts in the complaint can still be reinstated with a written motion. The order of September 2 thus had no effect on the actual status of the litigation. We still do not have a final judgment. The district court may have intended that its order be final and appealable, but the court's intention is irrelevant; the statutory requirements must be met. *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 624 (7th Cir.1986).

■ Nor do we believe that, under our precedent, we can view the order of the district court as an adequate certification under Rule 54(b) of the Federal Rules of Civil Procedure. The language of Rule 54(b) and our cases squarely establish that a partial final judgment is not appealable under Rule 54(b) absent an "express determination" that there is no just reason for delay. Fed.R.Civ.P. 54(b); *Foremost Sales Promotions v. Director*, 812 F.2d 1044, 1046 (7th Cir.1987); *Glidden*, 808 F.2d at 623. Unless the district court has made such an express finding, any decision "which adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties...." Fed.R.Civ.P. 54(b). Even if the district court intended here to enter a partial final judgment pursuant to Rule 54(b), which we seriously doubt, that intention is irrelevant absent the express determination. *Foremost,* 812 F.2d at 1046 (irrelevant that the court " 'really' meant to enter a partial final judgment"); *Glidden,* 808 F.2d at 624 ("The 'intent' of the district judge is accordingly irrelevant.").

█ At oral argument, the appellant argued that Mr. Eaton would be prejudiced if this court does not immediately address the merits and if resolution of the substantive issues presented on appeal is delayed further. Because he presents significant issues with respect to the validity of the judgment awarded against him, we can appreciate this concern. Nevertheless, our first obligation is faithfulness to the mandate of Congress fixing the limits of our authority.[1] Mr. Eaton is, of course, free to apply to the district court for a stay of its judgment and, if relief is denied, to make further application to this court. Fed.R. App.P. 8(a). When the district court enters final judgment or a Rule 54(b) certification in this case, we suggest to the district court that it consider staying the judgment against Mr. Eaton pending judicial resolution of his contentions. While we express no definitive view about the merits of Mr. Eaton's claim, his appeal involves significant questions.

APPEAL DISMISSED

---

**1.** Because we lack jurisdiction, we have no occasion to consider whether Cincinnati TV has standing to bring this appeal on behalf of Mr. Eaton. The general rule is that a party may only appeal to protect its own interests, and not those of a nonparty or another party, unless the appellant has a direct financial stake in the appeal. *Morrison–Knudsen Co. v. CHG Int'l, Inc.,* 811 F.2d 1209, 1215 (9th Cir.1987); *United States v. Western Elec. Co.,* 797 F.2d 1082, 1092 (D.C.Cir.1986); *Bryant v. Technical Research Co.,* 654 F.2d 1337 (9th Cir.1981); *Libby, McNeill, and Libby v. City Nat'l Bank,* 592 F.2d 504 (9th Cir.1978). Nor must we consider whether Mr. Eaton may bring this appeal on his own behalf when he was never named a party to this lawsuit, but when the plaintiffs sought and obtained a judgment against him. *See generally United States v. Little Joe Trawlers, Inc.,* 780 F.2d 158, 161 (1st Cir.1986); *United States v. $129,374 in U.S. Currency,* 769 F.2d 583, 590 (9th Cir.1985), *cert. denied,* 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986); *Washoe Tribe v. Greenley,* 674 F.2d 816, 818 (9th Cir.1982); *United States v. Conforte,* 643 F.2d 641, 643 (9th Cir.1981); *SEC v. An–Car Oil Co.,* 604 F.2d 114, 119 (1st Cir.1979); *Coffey v. Whirlpool Corp.,* 591 F.2d 618, 619 (10th Cir.1979); *West v. Radio–Keith–Orpheum Corp.,* 70 F.2d 621, 623–24 (2d Cir.1934).