979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Theodore D. SPURGETIS, Plaintiff-Appellant,
v.
NATIONAL ASSOCIATION OF RECORDING ARTS & SCIENCES,
Incorporated and Academy of Motion Picture Arts &
Sciences, Defendants-Appellees.
 No. 91-1758.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 17, 1992.
Rehearing Denied Feb. 9, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Theodore Spurgetis commenced a pro se action against defendants, the National Association of Recording Arts and Sciences, Incorporated (NARAS) and the Academy of Motion Picture Arts and Sciences (AMPAS). Mr. Spurgetis' original and amended complaints were dismissed for failure to state a claim upon which relief could be granted. Judgment was entered stating that "the Complaint is hereby dismissed." On appeal, Mr. Spurgetis seeks review of the order dismissing his amended complaint, and the defendants request an award of damages and double costs pursuant to Federal Rule of Appellate Procedure 38. For the following reasons, we affirm the district court's dismissal of the amended complaint, grant the request for double costs but deny the request for damages.
 
 I. ANALYSIS
 A. Jurisdiction
 
 2
 A threshold concern is whether this court has jurisdiction over this case. Although neither party has contested our jurisdiction, we must independently determine whether the language entered in the judgment by the district court specifically dismissing the complaint but not the action is considered a final appealable judgment. See Willhelm v. Eastern Airlines, Inc., 927 F.2d 971, 972 (7th Cir.1991); Benjamin v. United States, 833 F.2d 669, 671 (7th Cir.1987). Only if the district court has terminated the litigation in its entirety will this court have jurisdiction. See 28 U.S.C. § 1291. In this case, there was a judgment and an order which both explicitly dismiss the complaint only. Absent "special circumstances," Akins v. Board of Governors of State Colleges & Univ., 840 F.2d 1371, 1375 n. 2 (7th Cir.1988) a simple order dismissing a complaint, standing alone, does not terminate the litigation. Rothner v. City of Chicago, 929 F.2d 297 (7th Cir.1991); Benjamin, 833 F.2d at 671.
 
 
 3
 In Benjamin, the district judge dismissed the complaint and proceeded to enter a judgment to that effect. 833 F.2d at 671. On the day the judgment was filed, the district court filed a document entitled "entry" in which the district judge used the words "complaint" and "action" interchangeably. This court refused to allow the ambiguity to impeach the explicit language of the judgment. Id. Our decision in Benjamin was based on the fact that it was "not at all clear that the district court had concluded that 'the action could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make....' " Id. at 672 (quoting Marshall v. Sawyer, 301 F.2d 639, 643 (9th Cir.1962)).
 
 
 4
 In Benjamin we implicitly identified a "special circumstance" under which dismissal of the complaint could constitute finality. Principal Mut. Life Ins. Co., v. Cincinnati TV 64 Ltd., 845 F.2d 674, 676 (7th Cir.1988); Rothner, 929 F.2d at 300. In other words, if "it is 'clear' that the court below found that 'the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make,' " then this "special circumstance" would allow a determination of finality. Id. (citing California v. Harvier, 700 F.2d 1217, 1218 (9th Cir.), cert. denied, 464 U.S. 820, (1983)) (quoting Marshall v. Sawyer, 301 F.2d 639, 643 (9th Cir.1962))). This case is governed by the reasoning in Benjamin and by application of the "special circumstances" exception.
 
 
 5
 Mr. Spurgetis was given two opportunities and instructed to draft a complaint containing "a short and plain statement" demonstrating that he was entitled to relief. Fed.R.Civ.P. 8(a). The district court dismissed both complaints for failure to state a claim and entered judgment upon the second dismissal. Given the length of the amended complaint (37 pages), its incomprehensibility, and the fact that leave to amend was granted once, it is clear that the district court concluded that further amendment could not save the complaint. Therefore, we consider the order final and appealable and go on to consider whether the district court properly dismissed the amended complaint.
 
 B. Motion to Dismiss
 
 6
 We review de novo a grant of a motion to dismiss for failure to state a claim upon which relief can be granted. Prince v. Rescorp Realty, 940 F.2d 1104 (7th Cir.1991). Reviewing the district court's dismissal of the amended complaint under Federal Rule of Civil Procedure 12(b)(6), requires that we assume as true all facts alleged in the pleadings as well as reasonable inferences drawn from them. Webster v. New Lenox School Dist. No. 122, 917 F.2d 1004, 1005 (7th Cir.1990). In addition, Mr. Spurgetis' amended complaint, although inartfully pleaded and almost totally incomprehensible in its presentation of the issues and legal principles, as a pro se complaint will be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Under these circumstances, plaintiff's complaint should survive unless it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 7
 It is indeed difficult to comprehend or ascertain what claim Mr. Spurgetis believes he has against the defendants. From what we can glean from his lengthy prose, it appears he is asserting coauthorship rights in certain unidentified writings. Presumably, he believes that the defendants, as copyright owners of these materials, improperly obtained ownership rights without just remuneration to the plaintiff. Although the amended complaint consisted of 37 pages (seven pages longer than the original) and culminated in a prayer for $400 million dollars, there are no specific references made to the works at issue nor to any actual dealings with the defendants regarding the transfer of these works.
 
 
 8
 Furthermore, at a hearing to consider defendants' motion to dismiss the amended complaint and plaintiff's request for a preliminary injunction, plaintiff was given the opportunity to state why his amended complaint should not be dismissed. After review and upon recommendation of the magistrate judge, the district court dismissed the amended complaint finding, "This Complaint is incomprehensible and, in its present form, contains no cause of action." (Rec. at 24).
 
 
 9
 Mr. Spurgetis, still pro se on appeal, filed a nearly unintelligible brief devoid of reference to legal authorities and failing to identify in any manner the errors of the district court's decision. Although pro se litigants are not held to the same standard as counseled litigants, they are not immune from dismissal where "the brief submitted contains no identifiable argument." McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir.1984). Because we find the complaint equally incoherent and lacking in the presentation of any recognizable legal claim, we affirm the district court's decision to dismiss. Crowley Cutlery Co., v. United States, 849 F.2d 273, 277 (7th Cir.1988) (frivolous suits do not invoke federal jurisdiction, therefore, dismissal is mandatory); Gometz v. Henman, 807 F.2d 113, 113 (7th Cir.1986).
 
 C. Rule 38 Sanctions
 
 10
 For these same reasons, we award double costs to AMPAS under Federal Rule of Appellate Procedure 38 to sanction Mr. Spurgetis for bringing an appeal which is frivolous and without merit. Although there is generally more reluctance to assess sanctions for frivolity against a pro se appellant than against represented litigants Bacon v. American Fed'n of State, County, Mun. Employees Counsel, 795 F.2d 33, 34 (7th Cir.1986), we have cautioned that if even "a lay [person] persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed...." Id. at 35; see Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986). This case presents such a cause.
 
 
 11
 AFFIRMED with SANCTIONS of double costs to the appellees.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record