Maureen M. WARZON, Plaintiff,

v.

William R. DREW and Milwaukee County, Defendants.

No. 93–C–179.

United States District Court,
E.D. Wisconsin.

June 16, 1994.

See also 155 F.R.D. 183.

Sutton & Kelly by Walter F. Kelly, Milwaukee, WI, for plaintiff.

Robert G. Ott, Corp. Counsel by Robert E. Andrews and Mark A. Grady, Principal Assistants Corp. Counsel, Milwaukee, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action stems from the termination of Maureen Warzon from her position as the controller for Milwaukee County on February 4, 1993. In her complaint, Ms. Warzon alleges that her termination was unlawful under 42 U.S.C. § 1983 in that it violated her right to due process under the Fourteenth Amendment to the United States Constitution and was done in retaliation for commenting on the operation of the Milwaukee County Health Care Plan ["Plan"] in violation of her First Amendment right to exercise free speech. In addition, Ms. Warzon's complaint alleges that the conduct of the defendants violated her employment contract under state law.

Before the court is a "Motion to Dismiss and for Summary Judgment" that was filed by the defendants, William Drew and Milwaukee County. In their motion, the defendants include four applications for relief: (1) dismissal of Ms. Warzon's first amendment claim for failure to state a claim upon which relief may be granted under Rule 12(b)(6),

Federal Rules of Civil Procedure; (2) summary judgment in their favor in connection with the plaintiff's claims under 42 U.S.C. § 1983 against Milwaukee County; (3) dismissal of Ms. Warzon's due process claims for failure to state a claim upon which relief may be granted under Rule 12(b)(6), Federal Rules of Civil Procedure; and (4) summary judgment in their favor on Ms. Warzon's state law breach of contract claim.

### I. Dismissal of Plaintiff's First Amendment Claim Under Rule 12(b)(6)

The defendants argue that Ms. Warzon's § 1983 claim against them for violating her First Amendment right to free speech should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, because Ms. Warzon is a "policymaker" who could be terminated for the exercise of her right to free speech.

■ As a preliminary matter, the defendants filed their instant motion after they answered Ms. Warzon's claims. Thus, the portion of the defendants' motion seeking dismissal of the plaintiff's first amendment claim under Rule 12(b)(6) must be construed as a motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 182 (7th Cir.1986); *Harris v. WGN Continental Broadcasting Co.*, 650 F.Supp. 568, 572–73 (N.D.Ill.1986).

■ In response to the defendants' motion, Ms. Warzon goes beyond her complaint and relies on her affidavit, her own deposition testimony and the deposition testimony of defendant Mr. Drew. According to Rule 12(c), "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The decision to accept extra-pleading material on a motion for judgment on the pleadings and to treat it as one for summary judgment is within the discretion of the court. 5A, Charles A. Wright and Ar-

thur R. Miller, *Federal Practice and Procedure*, § 1371 (2d ed. 1990). When a court converts a motion under Rule 12(c) into one for summary judgment, it must give the parties notice of the conversion and an opportunity to be heard on the summary judgment question. *Coldwell Banker & Co. v. Karlock*, 686 F.2d 596, 604–05 (7th Cir.1982). *See* 5A, Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1371 (2d ed. 1990).

In the instant action, the jury trial is scheduled to commence in a few days—on June 20, 1994. The plaintiff filed her response to the defendants' motion with its extra-pleading material on June 6, 1994, and the defendants filed their reply on June 13, 1994. Under the circumstances, it is impractical to give the parties notice that the motion for dismissal will be treated as one for summary judgment and an opportunity to respond in advance of the date scheduled for the commencement of the jury trial. Moreover, despite Ms. Warzon's additional submissions, she states in her brief that the defendants' motion should be treated as one for dismissal as opposed to summary judgment. Thus, notwithstanding the submission of extra-pleading material by Ms. Warzon, the defendants' request for dismissal of the plaintiff's first amendment claim will be treated as a motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure.

■ A motion for judgment on the pleadings pursuant to Rule 12(c) is considered under the same standard as a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989); *Republic*, 785 F.2d at 182. Such a motion should not be granted unless it is "beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason*, 888 F.2d at 1204 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). The court is obligated to view the facts in the complaint in the light most favorable to the plaintiff. *Thomason*, 888 F.2d at 1204 (citing *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d

357 (7th Cir.1987)). Consideration may be given to exhibits attached to the complaint as part of the pleadings. *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988).

■ The defendants argue that accepting all of Ms. Warzon's allegations as true, she is not entitled to relief on her first amendment claim because, as a policymaker, she could be terminated for exercising her constitutional right to free speech. In support for their position, the defendants rely on decisions which dealt with the issue of political patronage. *See Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Grossart v. Dinaso,* 758 F.2d 1221 (7th Cir.1985); *Nekolny v. Painter,* 653 F.2d 1164 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982).

Ms. Warzon points out that her complaint is devoid of any allegation that she is a policymaker and argues that the cited political patronage case law should not be extended to her "pure free speech case."

■ The political patronage line of cases stand for the proposition that a confidential or policymaking governmental employee, whose party affiliation is a reasonable job qualification, may be terminated solely for belonging to the wrong party without violating the First Amendment. *Branti,* 445 U.S. at 518, 100 S.Ct. at 1294; *Elrod,* 427 U.S. at 367, 96 S.Ct. at 2686; *Wilbur v. Mahan,* 3 F.3d 214, 216–17 (7th Cir.1993). The patronage cases do *not* stand for the proposition that a public employee loses all of his or her freedom of speech by becoming a confidential or policymaking employee of a government. *Wilbur,* 3 F.3d at 217.

The court of appeals for the seventh circuit has addressed the issue of the application of the political patronage cases to actions involving the termination of a public employee who speaks out on a matter of public significance in a manner displeasing to his or her superiors. *Wilbur,* 3 F.3d 214. In *Wilbur,* the court of appeals concluded that the concern which gave rise to the patronage exception to First Amendment protection is "with the effects on the operation of government of forcing a public official to hire, or retain, in a confidential or policymaking job, persons who are not his political friends and may be his political enemies." *Wilbur,* 3 F.3d at 217–18. This concern is not confined to matters of party affiliation. *Wilbur,* 3 F.3d at 217. Accordingly, the court of appeals invoked this rationale in an employee free speech case and held that once an employee is classified as confidential or policymaking, he can be fired on *"political grounds,"* not limited to party affiliation, even if there is no evidence that he would not serve his political superiors loyally and competently. *Wilbur,* 3 F.3d at 218. (Emphasis added.)

A review of the complaint establishes that Ms. Warzon alleges that she was terminated on political grounds; namely, for speaking out contrary to her superior's desires on matters concerning the fiscal operation of the Milwaukee County Health Care Plan. (Complaint at ¶¶ 29, 30.) The next issue becomes whether Ms. Warzon has alleged that she did not occupy a confidential or policymaking position. In determining who may be considered a policymaker or confidential employee, the court of appeals for the seventh circuit has articulated the test as:

> whether the position held by the individual authorizes, either directly or indirectly, meaningful input into government decisionmaking on issues where there is room for principled disagreement on goals or their implementation.

*Nekolny,* 653 F.2d at 1170. The appellate court reasoned that the proper focus was on the powers inherent in a given office rather than the functions performed by a particular occupant of that office. *Tomczak v. City of Chicago,* 765 F.2d 633, 640 (7th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 313, 88 L.Ed.2d 289 (1985). Moreover, the determination of one's status as a policymaker or confidential employee is a question of fact. *Nekolny,* 653 F.2d at 1169.

In her complaint, Ms. Warzon alleges that as the Milwaukee County controller her duties involved financial management and the administration of the Milwaukee County Health Care Plan. (Complaint at ¶ 6–8.) In an inter-office communication written by Ms. Warzon, which is identified as Exhibit O to

the complaint and incorporated into the complaint, Ms. Warzon alleges that the resolution of fiscal problems in the Milwaukee County Health Care Plan was consistent with her duties as controller. In addition, she alleges that she had the authority to control health care costs in Milwaukee County. To this end, Ms. Warzon maintains that she submitted a 1993 budget which incorporated "fundamental changes in the program" and "submitted new policies and procedures to reduce health care costs." Ms. Warzon argues in her brief that notwithstanding these factual allegations, she handled the "mechanics" with respect to the Milwaukee County Health Care Plan while Mr. Drew handled the policy.

The allegations of the complaint, accepted as true, are fatal to Ms. Warzon's First Amendment claim insofar as they demonstrate that the controller position authorized meaningful input into government decision-making on issues—fiscal management and health care—where there is room for disagreement on goals or their implementation. Ms. Warzon's present position is that her duties were limited to performing mechanical tasks only, but that stance is inconsistent with the unambiguous allegations of her complaint.

In defending herself against a motion to dismiss, Ms. Warzon is not permitted to allege, with or without evidentiary support, facts that are *inconsistent* with the complaint in order to show that there is a state of facts which, if proved, would entitle her to judgment. *Cf. Early v. Bankers Life and Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992) (plaintiff may allege, without evidentiary support, facts that are *consistent* with the complaint in defending against a motion to dismiss in order to show that there are facts which, if proved, would support her claim).

The fact that it was Mr. Drew who dealt with the policies of the department of administration does not undercut the allegations of her complaint which establish that the plaintiff had input into governmental decisionmaking. *Nekolny,* 653 F.2d at 1170 ("policymaking and policy implementation may occur at many levels, even within a particular office . . . .").

In order for Ms. Warzon, a governmental employee, to have a valid First Amendment claim against Mr. Drew and Milwaukee County, she must have alleged facts which, if shown, would have demonstrated that she was *not* a policymaker. Instead, Ms. Warzon's complaint, through the incorporated material, is replete with factual allegations describing her position as one involving all of the characteristics of a policymaking position as identified by the court of appeals for the seventh circuit. *Nekolny,* 653 F.2d at 1170.

I conclude that it is beyond doubt that Ms. Warzon cannot prove facts, *consistent* with the allegations of her complaint, which would entitle her to relief. Therefore, the defendants' motion for judgment on the pleadings as to Ms. Warzon's First Amendment claim will be granted. In view of my finding that Ms. Warzon's complaint alleged that she was a policymaker who was discharged on political grounds, I do not believe that leave to amend the complaint is proper. *Cf. Benjamin v. United States,* 833 F.2d 669, 672 (7th Cir.1987) (dismissal of action is proper where action cannot be saved by an amendment to the complaint). The First Amendment claim will be dismissed, with prejudice.

## II. Motion to Dismiss Fourteenth Amendment Due Process Claim

■ The defendants move to dismiss Ms. Warzon's Fourteenth Amendment claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure. For the reasons stated earlier in this decision, the defendants' motion will be treated as one for judgment on the pleadings.

Ms. Warzon claims that she was terminated without notice or an opportunity to be heard in violation of her Fourteenth Amendment right to due process. This claim depends on her having a property right in continued employment. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972)). If she did,

then the defendants were not entitled to terminate her without due process. *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491.

Property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. A property interest for due process purposes is created when there are "rules or mutually explicit understandings that support [a] claim of entitlement to the benefit...." *Bishop v. Wood*, 426 U.S. 341, 344 n. 6, 96 S.Ct. 2074, 2077 n. 6, 48 L.Ed.2d 684 (1976).

"Under Wisconsin law, employment at will is the rule. Absent civil service regulations or laws, or a contract or collective bargaining agreement, a municipal employee is an employee at will and has no property interest in employment." *Vorwald v. School District of River Falls*, 167 Wis.2d 549, 557, 482 N.W.2d 93 (1992).

Paragraph 3 of Ms. Warzon's employment contract, which is attached to the complaint, states:

> The term of employment shall be indefinite, subject to termination at the election of either the Appointing Authority or the Employe upon ninety (90) days written notice prior to such termination, or such other lesser notice as the parties hereto may mutually agree. However, the Employe may be removed or suspended from office at any time for actions enumerated in Civil Service Rule VII, Section 4.

The defendants argue that even if all of Ms. Warzon's allegations are true, her complaint does not state a valid due process claim because the contract did not alter her employee at will status. Ms. Warzon argues that the final clause of Paragraph 3 of the contract created a property interest in her continued employment in that it provided a limitation upon the indefiniteness of her term of employment.

In my opinion, Ms. Warzon's employment contract did not abrogate her employee at will status under Wisconsin law because it cannot be read as creating an expectation of continued employment. At best, it can be read as creating an expectation of receiving notice unless Ms. Warzon was dismissed for cause.

The contract explicitly states that Ms. Warzon could be terminated at the pleasure of the appointing authority. Furthermore, the contract did not limit the appointing authority's discretion to terminate Ms. Warzon to a particular time. Rather, the contract obligated the appointing authority to provide her with 90 days notice or less upon mutual agreement when she was to be discharged.

■ An employee subject to discharge at the pleasure of the appointing authority does not have a property interest in continued employment. *See Campbell v. City of Champaign*, 940 F.2d 1111, 1112 (7th Cir.1991). With respect to the final clause of Paragraph 3, the contract provided that if Ms. Warzon was terminated for cause, the appointing authority was not required to give her notice; however, this clause does not constitute a limitation on the appointing authority's ability to terminate Ms. Warzon for any reason.

I find that Ms. Warzon could not be thought to have "the sort of secure and dependable interest fairly describable as an entitlement and therefore, as 'property.'" *Campbell*, 940 F.2d at 1112. Ms. Warzon's claim that she was deprived of property without due process of law under the Fourteenth Amendment will be dismissed, with prejudice. *Cf. Benjamin*, 833 F.2d at 672.

■ Ms. Warzon also alleges in her complaint that she had a constitutionally protected liberty interest in her employment-related reputation and good name which was deprived without due process of law. Specifically, she alleges that her termination by Mr. Drew, the director of the Department of Administration, was related, in part, to statements made by a man who was the chairman of the county board's finance committee. The latter individual allegedly

> responded to [her] cautions [regarding the Plan] in a media interview in which he damaged her reputation by expressing his 'little confidence in the controller's handling of the matter to date.' He went on to state his 'distrust' of [her] due to her commissioning of HCMC [Health Care

Management Consultant's] to analyze the Plan, a commissioning that he himself had twice voted to approve. The Chairman's statements were made to discredit ... Warzon....

(Complaint at ¶ 20.)

In addition, Ms. Warzon alleges that

The basis of the firing claimed by Drew, i.e., that [she] misused public funds and was insubordinate in paying HCMC for its services, was and is blatantly false and pretextual.

(Complaint at 29.)

The defendants argue that even if all of these allegations are true, Ms. Warzon's complaint fails to state a deprivation of liberty claim under the Fourteenth Amendment because she fails to allege, nor can she prove, that the reason given by Mr. Drew as the basis for terminating her employment was ever publicized. The defendants also contend that the reason given for her termination as set forth in Exhibit R to the Complaint—insubordination—is insufficient as a matter of law to support a claim that her liberty was infringed.

With respect to her allegation that the chairman of the county board finance committee "damaged her reputation," the defendants argue that these allegations are insufficient to state a deprivation of liberty claim because she failed to allege, nor can she show, that his statements were related to Mr. Drew's decision to terminate her employment. Moreover, the defendants insist that even if these allegations had been expressed in the context of an unfavorable employment decision, they do not implicate any liberty interest of Ms. Warzon's.

A government employee's discharge infringes a liberty interest where:

(1) the individual's good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty, alcoholism, disloyalty, Communism, or subversive acts; or (2) the state imposes a stigma or other disability on the individual which forecloses other opportunities.

*Mitchell v. Glover*, 996 F.2d 164, 167 (7th Cir.1993) (quoting *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir.1985)). Further, "to

prevail, even assuming that any information surrounding [the employee's] dismissal was sufficiently damning to implicate a liberty interest, the government must still have participated in the dissemination of this information to the public." *Hannon v. Turnage*, 892 F.2d 653, 660 (7th Cir.1990).

According to Ms. Warzon's allegations, Mr. Drew met with Ms. Warzon in his office on February 4, 1993, and informed her that she was being terminated for insubordination and misusing public funds. In my opinion, a charge of misuse of public funds as a grounds for dismissal is tantamount to a charge of dishonesty which has been held to implicate one's liberty interest in his or her employment related reputation. *Munson*, 754 F.2d at 693.

A review of Ms. Warzon's complaint reveals that it lacks a necessary allegation that Mr. Drew's statements were made public. Nevertheless, she responds to the defendants' motion for dismissal of the complaint by alleging, via an affidavit, that Mr. Drew accused her of misusing public funds and insubordination with the door to his office open and that the entire Department of Administration personnel could hear his charges.

In defending herself against a motion to dismiss, Ms. Warzon is permitted to allege, with or without evidentiary support, facts that are consistent with the complaint in order to show that there is a state of facts which, if proved, would entitle her to judgment. *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992); *Early*, 959 F.2d at 79. Assuming these allegations to be true, a jury could reasonably find that Mr. Drew publicized the charges leveled against Ms. Warzon in connection with her termination.

Accordingly, I will deny the defendants' application to dismiss the complaint as to Ms. Warzon's Fourteenth Amendment deprivation of liberty claim under 42 U.S.C. § 1983.

### III. Motion for Partial Summary Judgment on the Claims Against Milwaukee County

The defendants seek summary judgment on Ms. Warzon's First Amendment and

Fourteenth Amendment claims under 42 U.S.C. § 1983 against Milwaukee County on the ground that Ms. Warzon was not deprived of her constitutional rights pursuant to a municipal policy. Since I have already determined that the First Amendment claim and the Fourteenth Amendment claim that Ms. Warzon was deprived of property without due process of law will be dismissed, the court will treat this application as a request for summary judgment on Ms. Warzon's Fourteenth Amendment claim against Milwaukee County that it deprived her of liberty without due process of law.

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. In order to succeed on a motion for summary judgment, the movant must show the following: (1) no genuine issue of material fact exists; and (2) its entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Only "genuine" issues of "material" fact will defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

As defined by the United States Supreme Court, "material" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over such material facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Where, as here, the nonmovant is the party who bears the ultimate burden of proof at trial, she is obligated to produce evidence sufficient to support a favorable determination by a reasonable trier of fact on her claims under the applicable law. *See Anderson,* 477 U.S. at 267, 106 S.Ct. at 2519.

In addition, Rule 54(b), Federal Rules of Civil Procedure, permits the entry of partial summary judgment. It provides:

When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Ms. Warzon has alleged a number of claims in her complaint. The instant application of the defendants for summary judgment relates only to Ms. Warzon's Fourteenth Amendment liberty interest claim against Milwaukee County. Thus, its application is one for partial summary judgment under Rule 54(b).

Municipalities are liable under 42 U.S.C. § 1983 only if their own policies cause a constitutional tort; they are not vicariously liable for the constitutional torts of their agents. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Auriemma v. Rice,* 957 F.2d 397 (7th Cir.1992). However, where an action is directed by those who have authority to establish governmental policy with respect to the particular action taken, the municipality is responsible. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). Ms. Warzon alleges that Milwaukee County is liable for violating her Fourteenth Amendment rights through the actions of its policymaking official—Mr. Drew.

### A. Facts

The undisputed facts demonstrate that Ms. Warzon was employed as the controller for Milwaukee County from September 29, 1991, through February 4, 1993. Mr. Drew, the director of the Department of Administration, terminated Ms. Warzon and informed her that she was being terminated in compliance with Rule VII, Section 4 of the Civil Service Rules of Milwaukee County in that she "refus[ed] or fail[ed] to obey orders of [her] supervisor whether written or oral" (Complaint, Ex. R.), in that she misused public funds by paying HCMC's vouchers. (Complaint at ¶ 26.) Pursuant to § 1.11(c) of the Milwaukee County Ordinances, the committee on personnel of the Milwaukee County board of supervisors is responsible for:

"All matters affecting reclassification and compensation, hours and conditions of employment of County offices and employee personnel, and the classification and pay of additional positions; departmental policy of the civil service commission; administration of employees' award program."

In accordance with this mandate, the committee on personnel and then the county board adopted a resolution in 1981 which created a standard employment contract for all county employees who served in exempt positions—those not classified as civil service employees. Ms. Warzon signed such an employment contract. According to the contract, the term of employment was subject to termination at the election of the "appointing authority" or the employee upon notice or without notice if the employee was terminated for violating any portion of Civil Service Rule VII, Section 4. As the director of the Department of Administration, Mr. Drew was an appointing authority with the power to terminate Ms. Warzon from her position as controller.

*B. Analysis*

Not every decision by a municipal officer subjects a municipality to § 1983 liability. *Pembaur*, 475 U.S. at 481, 106 S.Ct. at 1299. Municipal liability attaches "only where the decisionmaker possesses final authority to establish municipal policy with respect to the action taken." *Pembaur*, 475 U.S. at 481, 106 S.Ct. at 1299. Moreover, that a given official has discretion in the exercise of particular functions "does not, without more, create municipal liability based on an exercise of that discretion." *Pembaur*, 475 U.S. at 482, 106 S.Ct. at 1299. "Authority to make a final decision need not imply authority to establish rules." *Auriemma*, 957 F.2d at 401.

■ In determining whether an official has final policymaking authority with respect to the action at issue, state and local law as well as custom or usage must be reviewed. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989).

According to the municipal code of Milwaukee County, the county board, through its committee on personnel is the final authority with respect to most personnel decisions. The employment contract developed for use in connection with nonclassified employees such as Ms. Warzon was formulated by the committee on personnel and later adopted by resolution of the county board. By including the guidelines set forth in Civil Service Rule VII, Section 4 in the contract, the county board restricted the exercise of Mr. Drew's discretion in terminating an employee for cause.

The record is devoid of evidence indicating that the local law or custom gave final policymaking authority to Mr. Drew on issues of employee terminations. In the absence of any such evidence, I am unable to conclude that a reasonable trier of fact could find that Mr. Drew had final authority to establish municipal policy with respect to terminating Ms. Warzon. Because Ms. Warzon's termination was not directed by an individual with final policymaking authority for the municipality, Milwaukee County cannot be liable under 42 U.S.C. § 1983 for depriving Ms. Warzon of her liberty without due process of law.

*IV. Motion for Partial Summary Judgment as to State Law Breach of Contract Claims*

■ The defendants move for summary judgment as to Ms. Warzon's state law breach of contract claim on the ground that she failed to file a notice of claim as required under Wis.Stat. § 893.80(1)(b). For the reasons noted in part IV, this application of the defendants is one for partial summary judgment under Rule 54(b).

Ms. Warzon concedes that she did not file a notice of claim as required under Wis.Stat. § 893.80(1)(b) but argues that summary judgment should not be granted because the notice of claim statute does not apply in breach of contract actions.

Wisconsin Statute § 893.80(1)(b) provides:
Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any ... governmental subdivision or agency thereof nor against any officer, official, agent or employe of the ... subdi-

vision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

\* \* \* \* \* \*

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the ... subdivision or agency and the claim is disallowed.

"[F]ederal courts entertaining state law claims against Wisconsin municipalities are obligated to apply the notice of claim provision." *Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123 (1988).

Ms. Warzon has conceded that she did not file a claim as required under Wis.Stat. § 893.80(1)(b), and thus there is no genuine issue of material fact on that point. However, whether the defendants are entitled to judgment as a matter of law depends upon whether the notice of claim statute applies to breach of contract claims. I believe that it does.

In support for its proposition that a notice of claim need not be filed under Wis.Stat. § 893.80(1)(b) in breach of contract claims, Ms. Warzon points to the Wisconsin supreme court's decision in *Energy Complexes v. Eau Claire County,* 152 Wis.2d 453, 465–66, 449 N.W.2d 35 (1989). There, the state supreme court was asked to determine whether a statutory immunity provision set forth in Wis. Stat. § 893.80(4) barred a breach of contract lawsuit against Eau Claire County. The state supreme court was not asked to address (nor did it) the applicability of the notice of claim provision in Wis.Stat. § 893.-80(1)(b) in breach of contract actions. Thus, the court's holding that Wis.Stat. § 893.80(4) does not create an immunity bar to breach of contract suits against municipalities is inapplicable to the issue presently before me.

Nothing in Wis.Stat. § 893.80 relieves a claimant in a breach of contract action from complying with the obligation to file a notice of claim with the clerk of court prior to bringing or maintaining an action. The statute specifically states that *"No action* shall be brought or maintained ..." unless compliance with the notice of claim provision is achieved. In researching the issue, I was unable to uncover any *published* case law specifically addressing this issue. (There are numerous unpublished decisions, none of which support the plaintiff's position.)

In light of the unambiguous language of the statute and the absence of any citable case law to support Ms. Warzon's position, I find that the notice of claim provision embodied in Wis.Stat. § 893.80(1)(b) applies to breach of contract actions. Ms. Warzon was obligated to file a notice of claim with the clerk of Milwaukee County before initiating her breach of contract claim in the instant lawsuit. Her failure to do so requires dismissal of her state law breach of contract claim.

### ORDER

Therefore, IT IS ORDERED that the defendants' "Motion to Dismiss and for Summary Judgment" be and hereby is granted, in part, and denied, in part.

IT IS ALSO ORDERED that the portion of the defendants' motion seeking a judgment on the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure, in connection with Ms. Warzon's First Amendment claim under 42 U.S.C. § 1983, be and hereby is granted.

IT IS FURTHER ORDERED that Ms. Warzon's First Amendment claim under 42 U.S.C. § 1983 be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that the portion of the defendants' motion seeking a judgment on the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure, in connection with Ms. Warzon's Fourteenth Amendment due process claims under 42 U.S.C. § 1983 be and hereby is granted with respect to her claim that she was deprived of her property without due process of law but denied with respect to her claim that she was deprived of her liberty without due process of law.

IT IS FURTHER ORDERED that Ms. Warzon's Fourteenth Amendment claim under 42 U.S.C. § 1983 that she was deprived

of property without due process of law be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that the portion of the defendants' motion seeking partial summary judgment on Ms. Warzon's Fourteenth Amendment liberty interest claim under 42 U.S.C. § 1983 against Milwaukee County be and hereby is granted.

IT IS FURTHER ORDERED that Ms. Warzon's Fourteenth Amendment liberty interest claim against Milwaukee County under 42 U.S.C. § 1983 be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that the portion of the defendants' motion seeking partial summary judgment on Ms. Warzon's state law breach of contract claim be and hereby is granted.

IT IS FURTHER ORDERED that Ms. Warzon's state law breach of contract claim be and hereby is dismissed, without prejudice.

IT IS FURTHER ORDERED that the plaintiff be and hereby is entitled to no costs in connection with this motion.

IT IS FURTHER ORDERED that the defendants be and hereby are entitled to their costs, pursuant to Rule 54(d), Federal Rules of Civil Procedure, in connection with the following applications in their "Motion to Dismiss and for Summary Judgment": (1) judgment on the pleadings with respect to Ms. Warzon's First Amendment claim under Rule 12(c), Federal Rules of Civil Procedure; (2) judgment on the pleadings with respect to Ms. Warzon's Fourteenth Amendment property interest claim under Rule 12(c), Federal Rules of Civil Procedure; (3) summary judgment in connection with Ms. Warzon's Fourteenth Amendment liberty interest claim against Milwaukee County; and (4) summary judgment on Ms. Warzon's state law breach of contract claim.